No. 16,605.

GRIFFIN *v.* ULEN ET AL.

WILL.— *Construction of.* — *Devisees.* — *Partition.* — *Residue to* "*Legal Heirs.*"—Where a husband devises all his real and personal property to his wife for life or as long as she remains his widow, and provides that at her death or marriage his only son shall have his choice of forty acres in a division of the land to be made east and west, "and the residue to be divided equally amongst all" his

"legal heirs," which consisted, besides the son, of eight grandchildren,—the son is entitled to forty acres to be selected by him, and no more; and the remaining real estate goes in equal shares to the grandchildren or their grantees, in which the son is not entitled to share.

SAME.—"*Heirs*," *How Construed.*—In a will, the force of the word "heirs" may be controlled by the context.

From the Boone Circuit Court.

*P. H. Dutch,* for appellant.

*S. M. Ralston* and *M. Keefe,* for appellees.

HOWARD, J.—Anthony Griffin, father of appellant, died in August, 1868, the owner of the land in controversy, having made his will which was duly probated, and which contained the following clause:

"I bequeath to my beloved wife, Nancy Griffin, all of my personal and real estate, both household and kitchen furniture, as long as she remains my widow, and at her death or marriage I want my beloved son, John Griffin, to have forty acres of my land, and I want the land to be divided east and west, and then I want my beloved son, John Griffin, to have the choice of the land. And I want, at the death or marriage of my beloved wife, Nancy Griffin, my three grandsons, John M. Hawkins, and Thomas B. Hawkins, and Elmer E. Hawkins, to have one bed and bedding each, and the residue of my land I want it to be divided equally amongst all my legal heirs, and I want my beloved grandson, John S. Anderson, to have no more than an equal share with the rest of the grandchildren."

Anthony Griffin left surviving him as his only heirs at law his widow, Nancy Griffin, his son, the appellant, and eight grandchildren.

On the death of Nancy Griffin, February 5, 1891, John Griffin selected the south half of the land left by his father, being forty acres, as his land under provisions

of the will; but he claimed, in the partition, to be also entitled to a share in the north half of the land as one of the "legal heirs" of Anthony Griffin.

The court found that John Griffin was the owner of the forty acres selected by him, and no more; and the remaining forty acres were partitioned equally amongst the grandchildren and their grantees.

We think this was a correct construction of the will. The will first gave to John Griffin one-half of the land, allowing him also his choice as to which half he would have. The giving of this definite portion would seem to exclude the giving of more. All further consideration of John Griffin was evidently out of the mind of the testator. John's interest had been finally and liberally disposed of.

In giving the rest of his land to be equally divided amongst all his "legal heirs," and particularly in specifying that John S. Anderson should have no more than one of the rest of his grandchildren, it seems clear that the testator meant to designate all his grandchildren as the heirs to whom the remaining half of his land should go "equally." In a will, the force of the word heirs may be controlled by the context. *Jones* v. *Miller*, 13 Ind. 337; *Ridgeway* v. *Lanphear*, 99 Ind. 251.

It is evident, we think, that, after providing for his son John, the testator's mind was upon a class to whom the residue of his land should go equally; and the mention of his grandchildren fixes them as that class.

The term "legal heirs" will be construed to mean children, when it clearly appears that such was the intent of the testator. *Underwood* v. *Robbins*, 117 Ind. 308. And the principle is not different for grandchildren when definitely referred to as here.

The judgment is affirmed.

Filed Dec. 11, 1894.