Merchants and Laborers' Building Association *v.* Scanlan *et al.*

Filed March 12, 1896.

---

No. 17,454.

MERCHANTS AND LABORERS' BUILDING ASSOCIATION
*v.* SCANLAN ET AL.

| 144 | 11 |
| 150 | 396 |
| 144 | 11 |
| 155 | 690 |

CONVEYANCE. — *Husband to Wife.* — *Consideration.* — *Subjecting Wife's Inchoate Interest to Mortgage Lien.*—The execution of a mortgage by a wife with her husband, by which her inchoate interest in the mortgaged land becomes subject to the lien thereof, is a sufficient consideration for a conveyance by him to her of other property.

HUSBAND AND WIFE.—*Conveyance to Wife by Husband.*—A deed conveying land direct from a husband to his wife, in good faith, for a valuable consideration, is valid in this State.

SAME.—*Deed from Husband to Wife.*—*Reformation Of.*—*Mistake.* —*Description.*—A deed from a husband to his wife, executed in good faith, for a valuable consideration, may be reformed so as to correct a mistake in the description of the property.

MARRIED WOMAN.—*Suretyship.* — *Mortgage.*—A mortgage by a wife

of a separate property to secure a debt of her husband, is void, under section 6964, R. S. 1894, as being a contract of suretyship.

MORTGAGE.—*Foreclosure.* — *Reformation.* — A mortgage on land, the description of which is so defective and uncertain that it cannot be reformed in equity, cannot be foreclosed.

From the Jackson Circuit Court.

*W. K. Marshall,* for appellant.

*A. N. Munden,* for appellees.

MONKS, J.—This action was brought by appellant against appellees to correct an alleged mistake in a mortgage and to foreclose the same.

To the complaint the appellee, Edward Scanlan, filed a general denial. His wife, and co-appellee, Mary Scanlan, filed an answer in two paragraphs, the first a general denial. The second, that she was a married woman, the wife of her co-appellee Scanlan, when said mortgage was executed; that the real estate described in said mortgage was owned by her in fee simple and that said mortgage was executed to secure the indebtedness of her said husband and for no other consideration whatever. To this paragraph of answer appellant filed a general denial. The case was tried by the court, a finding made for appellee, Mary Scanlan, and against appellee, Edward Scanlan, for the amount of the note and interest, and over a motion by appellant for a new trial, judgment was rendered on the finding.

The only error assigned is that the court erred in overruling the motion for a new trial.

There was evidence from which it appears that on the 24th day of July, 1882, Edward Scanlan, one of the appellees, became the owner in fee simple by deed from Patrick Sheron and wife of certain real estate in Seymour, Indiana; that afterwards in 1890, he,

Scanlan, desired to borrow $800.00 of appellant and for that purpose subscribed for and took eight shares for $800, payable to appellant, and he and his wife executed a mortgage to secure said indebtedness, in which the real estate was described as follows:

" The west part of lot eight (8) in block " G " in Sullivan's addition to the city of Seymour, Indiana;" that upon the execution of said note and mortgage Edward Scanlan received the amount, and out of it paid a balance of $166.75 on a mortgage executed by appellees May 28, 1888, to the Union Building Association No. 2. of the city of Seymour, in which mortgage the real estate was described the same as in the mortgage to appellant.

C. L. Leininger was the president of both associations and examined the title, and received both mortgages. He copied the description in the mortgage in suit from the mortgage executed May 28, 1888, and knew what was written in each mortgage.

In the spring of 1890, Edward Scanlan concluded to go into business and agreed with his wife that in consideration that she would join with him in the execution of a mortgage to Phillip Meeh to secure a note for $500 on a part of his real estate he would convey to her the property on which they resided in Seymour and that in pursuance of said agreement she executed said mortgage with her husband, and thereupon her husband on May 9, 1890, intending to convey said residence property to her executed to her a deed in which the property was by mutual mistake of the parties described by the same description as that contained in the appellant's mortgage; that Leininger, the president of appellant association, and Holtman, its treasurer, were present and heard the arrangement about the last named deed and mort-

gage talked over by the parties and knew that the same was executed.

That afterwards, on the 16th day of September, 1893, Edward Scanlan, in order to correct the mistake in said deed to his wife and co-appellee, Mary Scanlan, executed to her another deed in which the real estate was correctly described.

It was recited in said deed that it was made in lieu of and to correct and reform the mistake in the first named deed to his wife.

There was also evidence contradicting much of the foregoing, but as we cannot weigh the evidence, the only question for this court to determine is whether there is evidence which, if uncontradicted, would sustain the finding of the trial court.

The execution of the mortgage by Mary Scanlan with her husband to Philip Meeh to secure the five hundred dollars, by which her inchoate interest in said real estate becomes subject to the lien thereof was a sufficient consideration for the conveyance by him to her of the residence property. *Hollowell* v. *Simonson*, 21 Ind. 398; *Citizens Bank* v. *Bolen*, 121 Ind. 301 (306); *Brown* v. *Rawlings*, 72 Ind. 505 and cases cited; *Worley* v. *Sipe*, 111 Ind. 238; *Jarboe* v. *Severin*, 85 Ind. 496.

A deed conveying real estate direct from husband to his wife in good faith for a valuable consideration is valid. *Thompson* v. *Mills*, 39 Ind. 528; *Enyeart* v. *Kepler*, 118 Ind. 34 (38); *Brookbank* v. *Kennard*, 41 Ind. 339.

A married woman is entitled to the reformation of a mistake in such deed the same as if it had been executed to her by one not her husband. *Comstock* v. *Coon*, 135 Ind. 640.

We think Mary Scanlan was entitled to have the mistake in the deed made to her by her husband

May 9, 1890, corrected, for the reason that the deed was made in good faith and for a valuable consideration. *Comstock* v. *Coon, supra; Sparta School Tp.* v. *Mendel,* 138 Ind. 188; and cases cited; *Parish* v. *Camplin,* 139 Ind. 1, and cases cited.

If the mistake was one which could be corrected in equity, the equities of Mary Scanlan were superior to those of appellant for the reason that the deed to her on May 9, 1890, in which there was a mistake in the description was made in good faith and for a valuable consideration before the mortgage to appellant was executed, which was September 24, 1890. Such being the case, the deed from Edward Scanlan to his wife Mary, September 16, 1893, made in lieu of the first deed to correct the mistake in the description of the real estate intended to be conveyed, had the same effect so far as appellant's rights were concerned as if the first deed dated May 9, 1890, had contained a correct description of the real estate.

Under such circumstances, the real estate intended to be described in the mortgage to appellant was the separate property of Mary Scanlan when she executed the mortgage to secure the debt of her husband, and said mortgage, even if it correctly described the real estate, being a contract of suretyship by a married woman, was void. Section 5119, R. S. 1881, section 6964, R. S. 1894; *Allen* v. *Davis,* 101 Ind. 187; *Keller* v. *Orr,* 106 Ind. 406.

If, however, the mistake in the description in the deed and in the mortgage was one that could not be corrected in equity, then the finding in favor of appellees upon that part of the complaint which sought to foreclose the mortgage was clearly right because the description of the real estate was so defective and uncertain that the court could not render a decree foreclosing the mortgage and ordering a sale of the

real estate until the same was reformed. *Baker* v. *Pyatt*, 108 Ind. 61, and cases cited.

So that in any view of the case, there was evidence which sustained the finding of the court.

Judgment affirmed.

Filed February 18, 1896.