EDWARD J. LUERS v. HENRY LUERS ET AL., Defendants, and LUCY BAKEHAUS, Cross-petitioner, Appellants.

**Wills:** CONSTRUCTION: AFTER ACQUIRED PROPERTY. A will should be construed according to the intent of the testator, and so as to give effect to all its provisions if possible. Under these rules a devise of all testator's real estate (describing it) "and also including all other real estate now owned by me" is held to include after acquired real property; the word "now" having reference to the time of testator's death.

*Appeal from Keokuk District Court.*—HON. W. G. CLEMENTS, Judge.

TUESDAY, FEBRUARY 8, 1910.

THE opinion states the case.—*Reversed.*

*C. M. Brown,* for appellant.

*Stockman & Baker,* for appellees.

SHERWIN, J.—This is an action for the partition of real estate which involves the construction of a will made by Margaret Steigleder in July, 1882. Only a part of the third clause of the will is material, and it is as follows: "I hereby give and bequeath unto the heirs of my brother Herman Luers children of his body now born or to be born to him all my real estate which is the south half of the northeast quarter of section No. fourteen (14), township No. seventy-five (75) north, of range eleven west situated in Keokuk County, Iowa, also including all other real estate now owned by me, also all my personal property of every name and nature to the said heirs." After the execution of the will the testator acquired other real estate which the appellant claims was devised by the third clause of the will. On the other hand, the appellees contend that as to the after-acquired real estate Margaret Steigleder died intestate. The case was determined by the trial court in favor of the appellees on a demurrer to the appellant's cross-petition.

Section 3271 of the Code provides that "property to be subsequently acquired may be devised when the intention is clear and explicit." In *Briggs v. Briggs,* 69 Iowa, 617, this court considered the statute in connection with a will which devised "the whole of my real estate." In that case the contest was over after-acquired real estate, and we held that it passed under the language of the will which we have quoted above. It was held that the same rules of construction should be applied in determining whether subsequently acquired real estate passes by devise, which before the enactment of the statute were applied in determining the same question with reference to personal property, and it was said: "The meaning of the section is, we think, that subsequently acquired property shall be held to pass by the bequest, whenever the intent of the tes-

tator to have it so pass is fairly to be inferred from the provision of the will, when construed according to the established rules for the construction of such instruments; and it is not necessary that the intention be expressed in direct language." And speaking of the date from which the will speaks with reference to personal property, it was further said: "As to that class of property the rule is that the will speaks from the time of the death, and not from the date of its execution. . ׃ . It was not the intention of the Legislature in enacting the statute in question to change the rule; but it was enacted for the purpose of extending the operation of the rule, and making it applicable to real as well as personal property." The same question was again considered by us in *Re Will of Miller,* 128 Iowa, 612, and it was there said: "It has long been the law that a testamentary disposition of personal estate speaks from the date of the testator's death, and not from the date of the will, and the effect of the statute to which we have referred is to abolish the common-law distinction in this respect between the two classes of property, and apply to both the rule which has always obtained as to personalty." It is elementary that the language of a will must be construed as a whole, and that effect will be given to every part thereof, if possible, for the purpose of carrying out the intent of the testator. With our previous construction of the statute, and the general rule in view, let us turn to the will in question.

The devise is first, of "all my real estate which is"; then follows the description of specific lands, and then "also including all other real estate now owned by me." The first sentence of the clause declared what real estate the testator was then seised of and devised all of it. What then was the purpose of the language, "also including all other real estate now owned by me?" If we take the testator's own statement that she had no real estate other than that which she specifically described, as true, nothing fur-

ther was necessary to devise that, and the subsequent language was useless. On the other hand, if we assume, as we may, that she understood and had in mind that the will could not become effective until her death, it may fairly be said that she was speaking of all other real estate that she owned at the time of her death. Thus construed that part of the third clause is given effect, and the will is permitted to speak from the death of the testator instead of from its own date. The general rule is thus stated by Mr. Schouler: "The preferable rule as to after-acquired property stands thus, with the aid of the legislation; that descriptions whether of real or .personal estate, or both together, the subject of gift, refer to and comprise *prima facie* the property answering to that description at the death of the testator." There is also a presumption against one's intending a partial intestacy which may aid in construing a will. *Shafer v. Tereso,* 133 Iowa, 342. The word "now" as used in wills has been construed in different ways, the construction depending always on the intent of the testator as gathered from the whole will. In the *Appeal of Allen,* 125 Pa. 544 (17 Atl. 453), the Supreme Court of Pennsylvania had under consideration a will which provided that the executors should carry on the testator's business as "now conducted by me." And it was held that the word "now" must refer to the time of the testator's death. And a bequest of a library of books "now in the custody of B" was held to pass books subsequently purchased and placed in the custody of B. *All Soul's College v. Coddrington,* 1 P. Wms. 597. *Flynn v. Holman,* 119 Iowa, 731, relied upon by the appellees, is not authority for them for the reason that there was in that case no general devise of land or real estate, and the only reference to that class of property was in specific devises of particular tracts which the testatrix owned at the date of the will.

We think the land acquired by the testatrix after the

date of her will passed to the devisees by the terms of the will, and that the trial court erred in determining otherwise. Two or three other questions are argued by counsel for the appellees, but it is made to appear that the trial court was not asked to pass on them, and that the case was submitted on the single proposition which we have discussed. We can not therefore now consider any other question. A motion to strike a part of the appellant's reply was submitted with the case, and it is overruled. The judgment is *reversed*.