## CARNAHAN *v.* FREEMAN ET AL.

[No. 22,629. Filed May 26, 1915.]

1. APPEAL.—*Briefs.*—*Waiver of Defects.*—Omissions in appellant's brief, constituting a failure to comply with clause 5 of Rule 22, are waived where appellee presents the cause on its merits and calls the court's attention to the very matter not set out by appellant. p. 273.

2. WILLS. — *Construction.* — *Partial Intestacy.* — The construction of a will so as to result in partial intestacy is to be avoided if possible. p. 274.

3. WILLS.—*Construction.*—*Intent of Testator.*—The cardinal rule of will construction is the plain intent of the testator, and such intent is to be discerned from the language of the will itself, and can not be controlled by any conjectural or doubtful construction suggested by the situation or circumstances surrounding the testator. p. 275.

4. WILLS.—*Construction.*—*Intent of Testator.*—The intention of the testator and the true meaning of a will are not to be gathered from fragmentary parts, but from the instrument considered as a whole and with each clause subject to such limitations as come to it through its construction in conjunction with the other clauses of the will. p. 275.

5. WILLS.—*Construction.*—*Partial Intestacy.*—Where testator by the first item of his will bequeathed $100 to his daughter Martha,

and in item two gave to each of his other children "the above to share and share alike", followed by bequests to each son, except one, of a horse, and to each daughter, except two, of a cow and bed, and by another item providing for payment of funeral charges and debts and making additional bequests of $50 each to two of his daughters, the words "the above" in the second item refer back to the bequest in item one, indicating that all the children are to share alike to the extent that they are each to have $100, and are not an attempted disposition of the residue of his estate; hence, there being no intention expressed or implied in the will to make the persons named in item two or any one else his residuary legatees, testator died intestate as to such residue.  p. 275.

From Dekalb Circuit Court; *Frank M. Powers*, Judge.

Action by Martha Carnahan against Edmund H. Freeman and Clarence Freeman, executors of the last will of Alexander S. Freeman, deceased, and others.   From a judgment for defendants, the plaintiff appeals.   *Reversed.*

*James H. Rose* and *James E. Pomeroy*, for appellant.
*P. V. Hoffman* and *Link & Atkinson*, for appellees.

SPENCER, C. J.—The question to be determined by this appeal is the proper construction of the will of Alexander S. Freeman, deceased, which will is as follows:

"I Alererander S. Freeman do Make My last Will and Testement.

1.   I Give and bequeth to Mrtha An Carneghan One hundred Dollars.

2.   I Give and bequeth to Clarance Freeman Marry Inize Freeman. Ama Leona Surfice Edman Homer Freeman. Lewis Freeman Rosco Freeman and Margret Narcisus Freeman at my deth the above to share and share alike.   And each of the Boys one Horse except Clarence has received his Horse.   The Girls is to receive One Cow and Bed each except Ama Freeman she has received her Cow and Bed.

3.   To be divided after all Funeral expenses and other depts are paid.

4.   I if Marrgret Nnarcisus and Marry Ineze Freeman if they Care for Me through My sickness at my deth they shall receive Fifty Dollars, each

5.   I heae uppon Edman Hommer Freeman an Clarance Freeman Excutors of this Will

In testimony whereof I have hereunte Set My hand this 12 day of August 1912.·

A S Freeman

Subscribed by Alickjander Freeman in our presence and declared to be his last Will and Testament and attested by us as such in his presance and in the presance of each other this 12th day of August, 1912.

Witness ·            H. H. Hilkey

Witness              Anson P Green"

Appellant contends that under this instrument Alexander S. Freeman departed this life intestate as to all of his estate except as to the bequest of $100 in item one to appellant and except as to the bequests in item two of one horse to each of his boys, other than Clarence, and of one cow and bed to each of his girls, except Amy.

Appellees take the position that the testator intended to and did bequeath and devise all of his estate by virtue of the will now in suit; that item one gave to appellant the sum of $100; that item two specifically bequeathes certain property to his seven other children, naming them, and further devises and divides the residue of his entire estate generally among said children, they to share and share alike. This, in substance, is the construction which was adopted by the trial court.

Appellees have moved to dismiss this appeal on the ground that appellant has failed to comply with clause 5 of Rule 22 of this court. However this may be, appellees have waived the omission by presenting the case on its merits from their viewpoint, thereby calling the attention of this court to the very matter not set out by appellant. *Michael* v. *State* (1912), 178 Ind. 676, 679.

The evidence shows that the testator left as his sole heirs at law eight children, viz., appellant Martha Ann Carnahan, the only surviving child of his first marriage, and Clarence, Mary Inez, Edmund Homer, Lewis, Roscoe, and Margaret Narcissus Freeman, and Amy Leona Surface, the children of his second marriage; that the mother of appellant died

when she was about two years of age and appellant then went to reside with and was raised by her maternal grandparents who also lived in the neighborhood in which the testator resided; that the best of relations existed between appellant and her father; that she respected him as her father and he respected her as his daughter; that her mother left no estate other than a milch cow which had been given to her by her parents and was left with the testator at her death; that appellant inherited from her maternal grandparents some fifty-five acres of land and $500 in money; that appellees, as children of the second marriage, received bequests from their mother's estate of about forty dollars each, and they resided with their father, the testator, on his farm until they reached their majority; that the testator's estate consists of personalty of the value of about $3,800 and of farm lands of the value of $10,000; that it will not require all of his personal estate to pay his liabilities and the costs of administration.

It is clear that the will in question is ambiguous but the meaning thereof may be ascertained from a proper construction of the second item. The matter to be determined is, Did the testator, by said second item, devise and bequeath not only the specific property therein mentioned but also the residuary estate, both real and personal, to the persons named in said item? A construction of a will which results in partial intestacy is frowned on by the law of wills. As stated in Schouler, Wills (2d ed.) §490: "No presumption of an intention to die intestate as to any part of his property is allowable when the words of a testator's will may fairly carry the whole; for no one is supposed to make his will without meaning to dispose of all his estate. It is true, notwithstanding, that such a partial testament may be intended and may take effect."

The cardinal rule of will construction is the plain intent of the testator as evinced by the language of his will. This rule is inflexible and has no exceptions but it is also the rule

that such intention must be discerned in the language 3. of the instrument itself and can not be controlled by any conjectural or doubtful construction suggested by the situation or circumstances surrounding the testator. ''The struggle in all such cases is to accomplish the real objects of the testator, so far as they can be accomplished, consistently with the principles of law; but in no case to exceed his intention fairly deducible from the very words of the will.'' *Nightingale* v. *Sheldon* (1829), 5 Mason (U. S.) 336, 349. Nor can the true meaning of 4. a will be gathered from fragmentary parts but only from the instrument taken and considered as a whole and with each clause subject to such limitations as come to it through its construction in conjunction with the other clauses of the will. The intention of the testator is the essence of the entire instrument and is not to be derived from detached portions thereof. After a careful and considerate study of the will in question, keeping in view the thought that his imperfect method of expression 5. should not defeat the intention of the testator if fairly to be ascertained, it seems evident that he intended to give to his oldest child, appellant, the sum of $100, and to each of his children by the second marriage ''the above'', *i. e.,* $100—the words ''the above'' referring back to the bequest in item one—that all his children might ''share and share alike'' to that extent. Following these bequests the testator gave to each son, except Clarence, a horse and to each daughter except Amy, and Martha who is not named in the item, a cow and bed. In item No. 3 the testator provides that his debts and funeral expenses be first paid and in item No. 4 he makes additional bequests of $50 each to his daughters Margaret and Mary provided they care for him during his last illness. His sons Edmund and Clarence are named as executors in item No. 5. There is no intention expressed, and from the context of the will none can be fairly implied, to make appellees the residuary legatees and it necessarily fol-

lows that as no other disposition is made of the decedent's real estate and part of his personal estate, he died intestate as to the same.

Judgment reversed, with instructions to grant appellant a new trial and for further proceedings in accordance herewith.

NOTE.—Reported in 108 N. E. 955. As to specific demonstrative and general bequests, see 140 Am. St. 577. The law governing the construction of a will is set forth in 2 L. R. A. (N. S.) 443. See, also, under (1) 2 Cyc. 1913 Anno. 1013–new; (2, 5) 40 Cyc. 1409; (3) 40 Cyc. 1386, 1388, 1392; (4) 40 Cyc. 1413.