## COON *v.* COON ET AL.

[No. 23,432.    Filed February 26, 1918.    Rehearing denied
June 26, 1918.]

1.    WILLS.—*Legacies.*—*Insufficiency of Personalty.*—Where at the
time of the execution of a will, the testator had sufficient per-
sonalty to pay money legacies, it is a fair presumption that he
did not intend at that time to charge specifically devised real
estate with the payment of such legacies, and that the real
estate devised specifically was not chargeable with their pay-
ment.    p. 482.

2.    WILLS.—*Construction.*—*Intention.*—*Bequests.*—In determining
whether real estate acquired after the date of a will passes
under a specific devise to the testator's wife or to her under
the residuary clause so as to be chargeable with the payment
of specific money legacies to other persons, the latter construc-
tion should be adopted, so as to give effect to the legacies,
unless some provision of the will or some rule of law excludes
the legacies.    p. 483.

3.    WILLS.—*Construction.*—*Laws of Descent.*—In the construc-
tion of a will, the laws of descent do not control, as the will
was written to avoid such laws.    p. 484.

4.    WILLS.—*Construction.*—*Rules in Favor of Surviving Wife.*—
Where a testator devised all his real estate, specifically de-
scribed, to his wife, who was his only heir, and made two
specific money legacies to other persons, he having sufficient
money at the time to pay them, but afterwards sold part of
the real estate and invested the proceeds and his other money
in other land, in determining whether the after-acquired prop-
erty passed under the specific devise or under the residuary
clause in the wife's favor so as to be chargeable with the pay-
ment of the legacies, it is *held* that the testator's express in-
tention was that the wife should not take all the property and
that the rule of liberal construction in favor of a surviving
wife does not control.    p. 484.

5.    WILLS.—*Legacies.*—*Payment of.*—The rule that real estate
shall not be resorted to primarily for the payment of legacies
and debts does not control when by a fair construction real
estate is found to be placed in the residuary clause and thus
treated as personalty.    p. 484.

6.    WILLS. — *Construction Against Intestacy.* — In determining
whether after-acquired real estate passes under a specific de-
vise to the testator's wife or under a residuary clause in her
favor so as to be chargeable with the payment of legacies;

neither §3123 Burns 1914, §2567 R. S. 1881, which requires that an intention to devise the entire interest in real estate shall be effectuated, nor the rule against partial intestacy is controlling, as the intention to devise the entire estate is effectuated whether the real estate passed by specific bequest or under the residuary clause, and there is no partial intestacy in either case. p. 484.

7. WILLS.—*Residuary Clause.*—*Property Included.*—Although a conveyance of a part of real estate specifically described in a will annuls the will as to the part conveyed, a residuary clause, in the absence of other provisions, covers the proceeds of the sale or the reinvestment existing at the time of the testator's death. p. 484.

8. WILLS.—*Property Charged with Payment of Legacies.*—*Residuary Clause.*—Where a testator devised all his real estate to his wife, and, after making bequests of specific sums of money to other persons, gave the residue of his estate to his wife, he having at the time sufficient money to pay the bequests, but later conveyed part of his real estate and invested the proceeds and other money in other land, leaving insufficient personalty at the time of his death to pay the legacies, it is *held* that the after-acquired real estate passed into the residuary estate and, in effect, was converted into personalty for the purpose of the payment of debts and the legacies. p. 484.

9. WILLS.—*Construction.*—A will is to be so construed as to uphold all its provisions, if possible. p. 485.

From Clinton Circuit Court; *Joseph Combs*, Judge.

Suit to quiet title by Emma D. Coon against William H. Coon and others. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Clyde H. Jones*, for appellant.

*Gavin & Gavin* and *Stuart, Hammond & Sims*, for appellees.

HARVEY, J.—This is a suit to quiet title to real estate. The complaint is in one paragraph, in which, in substance, it is alleged that appellant is the owner in fee simple of seventy acres of real estate in Clinton county, Indiana, describing it; that she is the surviving widow of Hiram J. Coon, who died in February, 1914, leaving

no father, mother, children, or descendants of any child or children, surviving him; that at the time of his death her husband was the owner in fee simple of the aforesaid seventy acres of real estate; that he left a will, which was duly probated and, as far as material here, provides as follows: (1) For the payment of all his debts; (2) $3,000 is bequeathed to his brother, William H. Coon, "in United States money;" (3) $1,500 "of United States money" is bequeathed to his foster daughter, Lottie Marie Strain, subject to certain conditions, not material here, with the proviso that if she died "without having become the mother of a child," the bequest should go to his brother aforesaid; (4) "I devise to my beloved wife, Emma D. Coon, all my real estate, to wit: Lots 116 and 117, in John M. and John G. Clarke's (also known as John M. Clarke, third addition) Addition, to the town of Colfax, and twenty acres, more or less, off the west end of the north half of the northwest quarter, of section 16, township 20 north, range 2 west, all in Clinton county, in the State of Indiana. (5) "I bequeath all the residue of my estate of all property and effects whatsoever, to my beloved wife, Emma D. Coon, absolutely."

It is also averred that, at the time the will was executed, the decedent owned and had in his possession United States money amounting to more than $4,500, and owned the real estate described in the will; that after executing his will he disposed of the twenty acres of land described therein, and used the proceeds thereof and the $4,500 aforesaid in purchasing the seventy acres of real estate above described; that at the time of his death decedent did not have sufficient personal property to pay the bequests in money provided for in the will; that the defendants claim that said bequests constitute a charge or lien upon the real estate owned by decedent at the time of his death, and are claiming

the right to have the land sold to pay said bequests. The complaint also contains the formal allegations of a suit to quiet title, and prays that appellant's title be quieted against the claims of appellees.

Each of appellees separately demurred to the complaint for insufficiency of the facts alleged to state a cause of action. The memoranda accompanying the demurrers present questions that show that the sufficiency of the complaint depends upon the construction to be placed upon the will of Hiram J. Coon, deceased. The court sustained each of the demurrers.

The appellant refused to plead further, and appealed from the judgment rendered in appellees' favor sustaining the demurrer to the complaint.

Appellant contends that, by the provisions of the fourth clause, all the real estate of the testator, owned by him at the time of his death, is devised to her, his surviving wife; that a will takes effect at the death of the testator, and he is presumed to have made his will with reference thereto; that legacies are primarily payable out of the personal estate of the decedent, and are not a charge on the real estate specifically devised, unless the will by express provision, or by necessary implication, shows that such was the intention of the testator; that the decedent had sufficient personal property when the will was made to pay the legacies, and there is nothing in the will to indicate any intention to have them paid out of funds derived from the sale of the real estate in controversy; that in no view of the case is the real estate in controversy charged with the payment of the legacies, and that this is true whether the property passes to appellant under the fourth or fifth clause of the will, or descends to her under the law, as the only surviving heir of her deceased husband. Appellees contend

that the real estate in controversy, acquired after the will was executed, is not devised by the fourth clause of the will, but passes to appellant under the fifth clause, subject to a charge, or lien, thereon to pay the two legacies provided for in the second and third items of the will; that the provisions of the will, when construed together, clearly indicate the intention of the testator to devise his estate to his wife, subject to the two legacies aforesaid; that if it should be held that the real estate in controversy is not devised by the will but descends to appellant under the law, it would still be subject to the payment of the aforesaid legacies.

The real estate described in the will being specifically devised, and there being sufficient personal property at the time the will was executed to pay the money legatees, it is a fair presumption that the testator did not, at that time, intend to charge the specifically devised real estate with the payment of such legacies. *Duncan* v. *Wallace* (1888), 114 Ind. 169, 16 N. E. 137. Therefore, whatever real estate is devised specifically by this will to the wife is not chargeable with the payment of said legacies.

Under the will here involved, what is the effect of the sale by the testator of a part of the real estate specifically devised to his wife, and the investment of the proceeds thereof, together with the funds on hand at the date of the will in other real estate not described in the will which he continued to own at his death, his will not being changed, and he also continuing to then own the remainder of the real estate so specifically devised, and leaving insufficient personalty to pay the money legacies?

It is claimed by the widow that the after-acquired real estate passed to her under the general language used in the fourth item, to wit: "I devise to my beloved wife, Emma D. Coon, all my real estate." It is

asserted in support of such claim that the words in the fourth item immediately following those above quoted, and describing the real estate which he then owned, were merely descriptive and for identification, and that they did not limit the broader language used in said item.

Counsel has cited no decisions of our own courts in support of the latter proposition. There are cited several decisions of other courts and several texts, but an examination of the same develops distinguishing features, if not that they support appellees' claim to the contrary. Some of the citations are: *Durboraw* v. *Durboraw* (1903), 67 Kan. 139, 72 Pac. 566; *Luers* v. *Luers* (1910), 145 Iowa 600, 124 N. W. 603, 139 Am. St. 453; 40 Cyc 1556, 1568; *Re Smith* (1905), 6 Ont. W. R. 390; *Foote, Appellant, etc.* (1839), 39 Mass. (22 Pick.) 299, 302; *Mueller* v. *Buenger* (1904), 184 Mo. 458, 83 S. W. 458, 67 L. R. A. 648, 105 Am. St. 541; *Brown* v. *Hamilton* (1904), 135 N. C. 10, 47 S. E. 128, 102 Am. St. 526; *Teel* v. *Hilton* (1899), 21 R. I. 227, 230, 42 Atl. 1117; *In re Russell* (1882), 30 Weekly Rep. 454, 51 Law Journal 401; *Mills* v. *Mills* (1835), 58 Eng. Rep. 929; *Miles* v. *Miles* (1866), 35 Beavan's Rep. 191; *Saxton* v. *Saxton* (1879), L. R. 13 Chan. Div. 359; *Williams* v. *Brice* (1901), 10 Pa. Dist. Rep. 721; 1 Jarman, Wills (6th ed.) 638, 761; 1 Schouler, Wills (5th ed.) 486.

In support of appellees' claim, see *Peebles* v. *Graham* (1901), 128 N. C. 218, 39 S. E. 24; *Webb* v. *Archibald* (1895), 128 Mo. 299, 34 S. W. 54; *Allen* v. *White* (1867), 97 Mass. 504.

The testator evidently intended to, and expressly did, dispose by will of the whole of his estate as it might exist at the time of his death, and by the fourth 2. item and by the residuary clause he gave everything to his wife, as the law would have cast it,

less two specific money bequests. There was no occasion for making a will except his desire and determination to remember two persons other than his wife. Therefore, that evidently being the moving thought, it should be carried into effect, unless there is some provision of the will, or some rule of law, so compelling as to exclude the two beneficiaries. The laws of descent do not control; the will was written to avoid those. The rule of a liberal construction in favor of a wife does not control; the express intention was that she should not take all. The rule that real estate shall not be resorted to primarily for payment of legacies and debts does not control when by a fair construction real estate is found to be placed in the residuum and is thus treated as personalty. Section 3123 Burns 1914, §2567 R. S. 1881, lends no aid, as it merely provides that an intention to devise the entire interest in real estate shall be effectuated, and this is done whether the real estate passed by specific bequest or residuary clause. The rule against the construction creating partial intestacy is here of no importance, because, under any suggested construction, the after-acquired real estate is included; it is either carried specifically to the widow, or falls within the residuum. The conveyance of a part of the real estate specifically conveyed annuls the will as to the part conveyed, but a residuary clause in the same will, in the absence of other provisions, covers the proceeds of that sale, or the reinvestment existing at the time of the testator's death.

We find nothing in the will, nor in any suggested rule of construction, requiring that to effectuate the testator's intention we must hold that the fourth item carries to the widow the real estate not therein described. Then, the after-acquired real estate

falls within the residuary bequest, and is thereby, in effect, converted into personalty for the purpose of the payment of debts and legacies, which must be paid before the residuum going to the legatee can be ascertained, and in this respect only can it be said that any real estate carried by this will is chargeable with the payment of legacies. This construction is consistent with appellant's definition of the word "bequest," as found in the residuary clause, because, in the sense noted, the residuary clause deals with the real estate in controversy as personal property. Such is our conclusion in this case, and this conclusion carries into effect every item of the will and the full and express desire and intention of the testator, because it may be reasonably assumed that his investment in the after-purchased property did not, in his mind, diminish his estate. He regarded his will as sufficient without change to carry into effect his original intent. He did not change his will. His wife takes, under this construction, in the residuum, the value of the twenty acres sold; and the other legatees take what he intended them to have. If there were room for doubt as to this, then the rule applies "that where the language used in a will is reasonably susceptible of two different constructions, one of which will defeat and the other will sustain the provisions, the doubt is to be resolved in favor of the construction which will give effect to the will, rather than the one which will defeat it." *Dykeman* v. *Jenkins* (1913) 179 Ind. 549, 556, 101 N. E. 1013, Ann. Cas. 1915D 1011. A will is to be so construed as to uphold all of its provisions, if possible. *Butler, Gdn.,* v. *Moore* (1884), 94 Ind. 359; *Skinner* v. *Spaan* (1911), 175 Ind. 672, 684, 93 N. E. 1061, 95 N. E. 243; *Brumfield* v. *Drook* (1885), 101 Ind. 190; *Wood* v.

*Robertson* (1888), 113 Ind. 323, 15 N. E. 457; *Jenkins* v. *Compton* (1890), 123 Ind. 117, 23 N. E. 1091.

The demurrers to the complaint were properly sustained. The judgment of the trial court is affirmed.

NOTE.—Reported in 118 N. E. 820. Wills: law governing construction, 2 L. R. A. (N. S.) 443; pecuniary legacies, 140 Am. St. 603; sale of real property specifically devised as revocation of devise, Ann. Cas. 1913B 56. See under (1) 40 Cyc 2019; (3, 4) 40 Cyc 1412; (5) 40 Cyc 2023.