BROWN *v*. THE UNION TRUST COMPANY OF GREENSBURG, EXECUTOR, ET AL.

[No. 28,801.   Filed May 24, 1951.]

*Wickens & Wickens,* of Greensburg, for appellant.

*Raymond B. Rolfes; William L. Woodfill; Frank Hamilton;* and *Hite & Beard,* all of Greensburg, for appellees.

GILKISON, J.—Elizabeth Brown, died testate on November 2, 1944, leaving her husband, Sherman Brown, appellant, as her sole heir at law, and leaving no child or descendant of any deceased child, and no father or mother.

The appellee, The Union Trust Company of Greensburg, Indiana, was appointed and duly qualified as executor of the will which was regularly probated on November 9, 1944. On October 8, 1948 the executor filed its final report of settlement in the estate which was set for hearing on November 3, 1948.

On March 7, 1949 Sherman Brown filed his exceptions to the report of final settlement, among other

things showing that by the terms of the final report there is a residue remaining in the estate of $17,225.67, which he asks may be awarded to him—presumably as the sole heir of the decedent.

Wayne Beggs and Louise Beggs Carroll filed their answer in two paragraphs to the exceptions and "amended proof of heirship" of appellant, in which they ask that they be declared the owners in fee simple of the residue of the estate as legatees, under the will, and as requested in the final report of the executor.

The sole question for our determination is whether the residue in the estate is disposed of by the will of the decedent? If it is the judgment of the trial court should be affirmed; if it is not the judgment should be reversed.

That part of the will material to the issues for our decision is as follows:

"Item Two. I will, bequeath and devise to my husband, Sherman Brown, one-third in value of all my property and estate to be his absolutely."

Clause 5 of Item 3 is as follows:

"5. To my sister Martha Douglas, the sum of eight thousand Dollars ($8,000.00), to have and to hold for and during her natural lifetime, and at her death, all the residue remaining of said sum to go to her children, Wayne Beggs and Louise Beggs, share and share alike. It is my will that my said sister have the use, benefit, income and all profits arising from said bequest for her own use, and in case of sickness or necessity, she may use such portion of the principal as may be necessary for her proper care, maintenance and support. I also will that my executor use what bonds I may have on hand at my death in part payment of this bequest. I make this bequest to my said sister for the further reason that said money so willed her comes from my mother and her mother's own estate and I feel that when I am through with it,

I want her to have it because of the sources from whence it came."

Clause 7 of Item 3 is as follows:

"7. All the rest and residue of my estate, if any, I will and bequeath to my said sister Martha Douglas on the same terms and conditions as named in Item Five hereof."

In addition to the above bequests testatrix made four other specific bequests by which she disposed of $1300 of the estate.

At the request of appellant the trial court made its special findings of facts and stated its conclusions of law thereon.

Among other things, the special findings show that decedent, Elizabeth, left surviving her, her sister, Martha Beggs, formerly Martha Douglas, named as a beneficiary in the will; she was also survived by Wayne Beggs and Louise Beggs Carroll—children of Martha Beggs Douglas—and being the persons mentioned in Clause 5 of Item 3 of the will. That Martha Beggs Douglas died on October —, 1948, before any of the assets of the estate came into her possession and while the assets of the estate were in the hands of the executor in the process of administration.

That the administration has been completed, and a final report filed, showing a residue of $17,225.67 for distribution under the will as interpreted and determined by the court.

That the residue is the proceeds of a sale of real estate owned by testatrix which was sold under the orders of the court by a commissioner in a partition proceeding to be distributed by the executor pursuant to the terms of the will; that the greater part of the residue was the proceeds of real estate that had been owned by testatrix and her husband, Sherman Brown,

as tenants by entirety but that Sherman Brown had conveyed his interest therein to his wife while they were living together as husband and wife—that they continued this relationship until the death of the wife.

Upon these and other facts contained in the special findings, the trial court rendered its pertinent conclusion of law, thus:

"1. The law is with the executor upon its final report herein, and against the exceptor, Sherman Brown, and his exceptions to said final report of the executor should be overruled and denied."

The exceptor-appellant excepted to the conclusions of law.

From the judgment for appellee upon the findings and conclusions of law, this appeal is taken.

The Assignment of Error is that the court erred in each of its conclusions of law.

Since all the conclusions of law are substantially contained within conclusion No. 1 heretofore noted, we shall give consideration to it alone.

It will be noted that in Item 2 of her will testatrix remembered her husband by giving him one-third in value of her entire estate. By Clause 5 of Item 3 she gave to her sister, Martha Douglas (Beggs) $8,000 for life, and at her death "all the residue remaining of said sum to go to her children, Wayne Beggs and Louise Beggs (Carroll) share and share alike. In said item she states her reason for making this bequest. It was proper but unnecessary that the reason therefor be given. But these reasons are in no way a limitation upon the gift. By Clause 7 of Item 3 she willed the residue of her estate to her sister, Martha Douglas (Beggs) on the same terms and conditions as named in Item 5 of the will (evidently meaning Clause 5 of

Item 3). The question presented is: Do these provisions of the will dispose of the residue of the estate?

The "residue" is "the surplus of a testator's estate remaining after all the debts and particular legacies have been discharged." Black's Law Dictionary (3rd Ed.), p. 1544.

When a testator makes a specific bequest to a named heir the giving of this definite portion excludes the thought of the giving of more to such heir unless the will expressly makes further provision for so doing. *Griffin* v. *Ulen et al.* (1894), 139 Ind. 565, 567, 39 N. E. 254.

We find nothing in the will that even remotely indicates an intention of testatrix to give appellant anything more than the bequest stated in Item 2 as, noted above.

There are certain broad canons of law on the subject of the interpretation of wills so well established as to be considered ruling law, among which we note the following: The law does not favor and will avoid, whenever the same can be done, partial intestacy, the presumption being that the testator, having his intention upon his entire estate, intended to make disposition of the whole, and that he did so dispose of it. *Hancock, Trustee* v. *Maynard* (1920), 72 Ind. App. 661, 671, 126 N. E. 451; *French* v. *French* (1915), 58 Ind. App. 621, 627, 108 N. E. 786; *Skinner* v. *Spann* (1911), 175 Ind. 672, 683, 93 N. E. 1061, 95 N. E. 243; *Myers* v. *Carney* (1908), 171 Ind. 379, 384 and cases cited, 86 N. E. 400; *Carnahan* v. *Freeman* (1915), 183 Ind. 271, 274, 108 N. E. 955.

"In the interpretation of a will the primary purpose on the part of a court is to discover, if possible, the intentions of the testator, to give effect thereto, as he has expressed such intention in his will, provided always that this can be done

without contravening some principle of public policy, or some inflexible or unyielding rule of law." *Skinner* v. *Spann* (1911), 175 Ind. 672, 684, *supra; Brunson, Adm.* v. *Martin, Ex.* (1899), 152 Ind. 111, 52 N. E. 599; *Stimson* v. *Rountree* (1907), 168 Ind. 169, 78 N. E. 331; *Carnahan* v. *Freeman* (1915), 183 Ind. 271, 274, *supra; Daugherty, Administrator* v. *Rogers* (1889), 119 Ind. 254, 257, 20 N. E. 779; *Grise, Admr.* v. *Weiss, Admr.* (1937), 213 Ind. 3, 9, 11 N. E. 2d 146; *Peirce* v. *Farmers State Bank of Valparaiso* (1943), 222 Ind. 116, 121, 51 N. E. 2d 480; *Hutchinson's Estate* v. *Arnt, Admrx.* (1936), 210 Ind. 509, 518, 1 N. E. 2d 585, 4 N. E. 2d 202; 57 Am. Jur., Wills, § 1121, p. 716; 69 C. J., Wills, § 1110, p. 42.

"A will should be so construed as to give effect to all the language and provisions thereof, and, if possible, it must not be interpreted so as to render any part thereof superfluous, absurd or meaningless." *Skinner* v. *Spann* (1911), 175 Ind. 672, 684, *supra.*

We recognize the rule that the law favors the construction of a will that disposes of the property devised or bequeathed in the manner in which the law would have disposed of it had the deceased died intestate. *Hancock, Trustee* v. *Maynard* (1920), 72 Ind. App. 661, 671, 126 N. E. 451, *supra.* But this rule of construction cannot apply where the testator in the will has clearly and unambiguously expressed a contrary intention. See *Griffin* v. *Ulen et al.* (1894), 139 Ind. 565, 567, *supra.*

If the words used in a will are not ambiguous and clearly express the intention of the testator, they must govern. That which is plain and manifest needs no interpretation. *Ross* v. *Clore* (1948), 225 Ind. 597, 599, 76 N. E. 2d 839; *Jenkins* v. *King* (1946), 224 Ind. 164, 170, 171, 174, 65 N. E. 2d 121. A will expressed in clear and precise terms, manifesting the testator's intention and leading to nothing absurd,

presents no reason for refusing the intention which it naturally presents to the mind. *Coon* v. *Coon* (1918), 187 Ind. 478, 484, 118 N. E. 820. See *Garrigus* v. *Board of Commissioners of Parke Co.* (1872), 39 Ind. 66, 70.

The words used in this will are simple and readily understandable. They present no ambiguity and require no judicial construction. In this situation any effort at construction or interpretation producing a disposition other than that clearly expressed by the testatrix in Clause 7 and Clause 5 of Item 3 of the will results, necessarily and practically, in remaking the will for testatrix. This the courts may not do. 57 Am. Jur., Wills, § 1121, p. 716, 717; 69 C. J., Wills, § 1110, p. 42, 44. See also *Jenkins* v. *King* (1946), 224 Ind. 164, 174, *supra*, and cases there cited. Under our law any competent person has the right to make a will. Sections 7-101, 7-102, 7-103, Burns' 1933. It is solely for the testatrix, not the courts, to determine what is a liberal, just, equitable and proper disposition of her estate. In this case the laws of descent do not control; the will was written to avoid those laws, and to distribute the estate agreeable with the expressed desires of the testatrix. *Coon* v. *Coon* (1918), 187 Ind. 478, 484, *supra*.

We recognize that a surviving spouse is ordinarily an object of a testator's bounty. Item 2 of the will indicates that the testatrix was properly mindful of this principle, since by it she gave appellant as surviving spouse one-third of the estate of the value of $13,762.83. This fact leaves no possible inference of disinheritance of the surviving husband. But it is contended that because the major part of the residue of the estate came from the sale of real estate that at one time was owned by appellant and testatrix as husband and wife by the entireties and in which

appellant during coverture had by a proper deed transferred his interest to his wife—the testatrix, that because of some peculiar equity, so far as we can find wholly unknown to the law, testatrix could not dispose of this property by the residuary clause of her will unless she disposed of it to an heir. There can be no doubt that a husband may transfer his real estate or any interest therein to his wife by a direct deed, either for a valuable consideration, as a gift, or to make suitable provisions for her, when the rights of creditors are not involved. *Merchants and Laborers' Building Association* v. *Scanlan et al.* (1896), 144 Ind. 11, 14, 42 N. E. 1008. Appellant does not contend that the deed from him to his wife was not in all things valid or that there were any reservations therein whatever. It effectively passed to the wife all of appellant's title and interest therein. Therefore, she had the same right to dispose of it by will that she had to dispose of her other property. This she did effectively by Clause 7 of Item 3 of her will making Martha Douglas (Beggs) the legatee for life and Wayne Beggs and Louise Beggs (Carroll) the residuary remaindermen by proper reference to Clause 5 of said item. The terms and conditions mentioned in Clause 7 of Item 3, specifically refer to and are governed by the terms and conditions in Clause 5 of that item which are, that her sister, Martha, should have and hold the same "for and during her natural lifetime, and at her death, all the residue remaining of said sum to go to her children, Wayne Beggs and Louise Beggs (Carroll) share and share alike." Also, "That my said sister shall have the use, benefit, income and all profits arising from said bequest for her own use, and in case of sickness or necessity, she may use such portion of the principal as may be necessary for her proper care, maintenance and support." In other jurisdictions wills containing similar

provisions have been adjudged effective to bequeath the residue of an estate. See *Pendleton* v. *Larrabee* (1892), 62 Conn. 393, 396; *O'Brien* v. *Lewis* (1911), 208 Mass. 515, 518, 94 N. E. 750; *Osborne* v. *Varney* (1845), 7 Metcalf (Mass.) 301; *Baker* v. *Lorillard* (1850), 4 N. Y. 257, 263.

Since the will speaks as of the death of the testatrix, *Heaston* v. *Krieg* (1906), 167 Ind. 101, 108, 109, 77 N. E. 805; *Guynn* v. *Wabash, etc., Trust Co.* (1913), 53 Ind. App. 391, 395, 101 N. E. 738, it cannot matter that the devisee, Martha Douglas (Beggs) died before the estate was ready for distribution. Had she continued to live, under the terms of the will she might have used the entire residue for care, maintenance and support if it became necessary.

Finding no error in the record, the judgment of the trial court is affirmed.

Draper, J., not participating.

NOTE.—Reported in 98 N. E. 2d 901.