In the Matter of the Supervised ESTATE of Mearl HENSLEY, Deceased,

Robert Lewis HENSLEY, Executor of the Estate of Mearl Hensley, Deceased, Respondent–Appellant,

v.

Jessie R. HENSLEY and Lorene H. Caton, Petitioners (Moving Heirs) Appellees.

No. 1–1079A264.

Court of Appeals of Indiana, First District.

Dec. 11, 1980.

Jack Rogers, Rogers, Tompkins & Gesse, Franklin, Frank E. Spencer, Indianapolis, for respondent–appellant.

James F. T. Sargent, Greenwood, Robert D. Schafstall, Franklin, for petitioners (moving heirs) appellees.

ROBERTSON, Presiding Judge.

Robert Lewis Hensley (Robert), executor of his mother's estate, brings this interlocutory appeal from an order of the probate court, which set aside the sale of a farm made pursuant to a provision in the will giving Robert "first refusal" to his mother's "home place" at the "estate appraisal".

We reverse and remand.

The relevant facts are that Mearl Hensley died testate and her will appointed Robert executor of her estate. The will also contained the following provisions:

   IV.  My son, Robert Lewis Hensley will have first refusal of the farm known as 'the home place' at the estate appraisal.

   V.  I direct that the remainder of my estate not otherwise disposed of shall be converted to cash.

Pursuant to paragraph IV Robert, as executor, had the farm appraised, in compliance with statutory requirements as noted by the trial court, and purchased the farm for the appraised value of $98,000. He notified the court of this sale, which the court approved.

Subsequently, Jessie R. Hensley and Lorene H. Caton, residuary beneficiaries of the will, challenged the sale on the grounds that the property was improperly valued and that they had not received notice as required by *Ind. Code* 29–1–15–11. The trial court found that the sale was in violation of this statute.

To reach this conclusion, the trial court first determined if the sale had taken place pursuant to *Ind. Code* 29–1–15–2. This section provides that if an executor sells estate property pursuant to powers granted by a will, he may exercise the power without a court order, and therefore, he need not com-

ply with *Ind. Code* 29–1–15–3 or IC 29–1–15–11.

IC 29–1–15–3 specifies when a executor may sell estate property not specifically disposed of by a will. IC 29–1–15–11 specifies the procedure for an executor to petition the court to sell realty and requires that notice be given to all heirs.

The trial court examined the language in paragraph IV of the will and found that Robert, as executor, did not act pursuant to power granted by language giving Robert, as an individual, first refusal of the farm at estate appraisal. This finding was based upon the conclusion that a right of first refusal requires the holder of the right to take the property at the same price, and on the same terms, as those in a third party offer which the seller is willing to accept.

Having reached this conclusion, the trial court then examined the will to see if the sale was pursuant to power granted by paragraph V, which empowered the executor to convert the remainder of the estate to cash for distribution. The court determined that paragraph IV was a specific limitation on paragraph V, and that therefore, the sale of the farm had to be conducted according to the requirements of paragraph IV, as interpreted by the trial court; that is, with the preferential buyer and a third party bid. Since these requirements were not met, the sale was also not authorized by paragraph V.

■ As explained, for an estate sale of realty, not specifically authorized by a will, the executor must comply with IC 29–1–15–11. Because Robert did not notify all heirs as required by IC 29–1–15–11, including, of course, the appellees, the trial court set the sale aside for failure to comply with the statutory requirements.

The linchpin of the trial court's decision is clearly the finding that the first refusal sale required a third party bid. The trial court relied on *Brownies Creek Collieries v. Asher Coal Mining Co.*, (1967) Ky.App., 417 S.W.2d 249, a case involving the right of refusal on a coal lease. The Kentucky court held that when there is no qualifying language in a contract giving the right of first refusal, the holder of the right exercises it in relation to an offer made by a third party which would be accepted by the lessor.

Assuming, without deciding, that the law in that case is applicable to the case at bar, we think the trial court misconstrued the language pertaining to first refusal rights.

The Kentucky court stated:

A contract provision giving simply the "right of first refusal" (as here), *without any qualifying terms*, means according to general custom and practice that the holder has the right to elect to take the property at the same price and on the same terms and conditions as those of an offer by a third person that the owner is willing to accept.

417 S.W.2d at 252 (emphasis added, citations omitted).

■ We think the language in the will sufficiently qualified the right of first refusal so that it could be exercised without a third party bid. When examining a will, the main purpose is to determine and carry out the testator's intent. Furthermore, if the language in a will is unambiguous and clearly express the testator's intent, the language must govern. *Brown v. Union Trust Co. of Greensburg*, (1951) 229 Ind. 404, 98 N.E.2d 901.

■ The language in paragraph IV clearly conveys the testatrix's intent to give Robert the opportunity to buy the farm at the appraised value of the property. Thus, we are led to the conclusion that the trial court's finding, that Robert failed to act pursuant to powers in paragraph IV of the will because a third party bid was lacking, is clearly erroneous and must be reversed. Ind. Rules of Procedure, Trial Rule 52(A), *Kincaid v. Lazar*, (1980) Ind.App., 405 N.E.2d 615.

■ Having reached this conclusion, it necessarily follows that Robert did not have to comply with the notice requirements of IC 29–1–15–11, and therefore, the trial court's order setting aside the sale for failure to do so is erroneous.

The appellees have responded in their brief to such a conclusion by arguing that the sale of estate property by an executor to himself, as an individual, is prohibited under any circumstances by Indiana law.

The appellees primarily rely on the recent case, *Matter of Garwood*, (1980) Ind., 400 N.E.2d 758. In that case, a sale of estate realty by the co–executors, to one of the executors as an individual, was set aside. The co–executors justified the sale as being made pursuant to a discretionary provision in the will empowering the co–executors to dispose of residuary property in the best interests of the estate. In the alternative, they argued the sale was made pursuant to a family agreement among the heirs.

The Indiana Supreme Court discussed the prohibition on sales of estate property by executors to themselves as individuals and concluded that the co–executors had not acted pursuant to a family agreement or to a specific grant of power in the will; which might have avoided the prohibition. Addressing the latter point, the court said:

> There is no showing then that the personal representative acted in substantial conformity with the terms and conditions of the power given by the will, since *there is not even an inference that the testator had in mind that the property was to be sold to co–executor Paul Garwood. Had there been such language in the power . . . the appellee's argument might have had merit.*

400 N.E.2d at 767. (Emphasis added).

■ We think the case at bar is precisely the exception the Indiana Supreme Court was anticipating; given the clear language in the will that Robert was to have a chance to purchase the property. Therefore, we will not apply the rule prohibiting sales by executors to themselves as individuals in this case.[1]

The order of the trial court setting aside the sale of the farm is reversed and this cause is remanded to the court below for further action consistent with this opinion.

Reversed and remanded.

NEAL and RATLIFF, JJ., concur.

---

1. The policy behind the prohibition on the transfer of estate property by personal representatives to themselves is to eliminate any hint of impropriety or fraud. We note that no evidence was presented indicating the farm was improperly appraised, although the appellees styled their motion as an objection to valuation.