## KREIGER *v.* DeMASS, ADMINISTRATOR.

[No. 6,031.    Filed February 18, 1908.]

1. FRAUDULENT CONVEYANCES.—*Insanity.*—*Title.*—No action lies in favor of an insane person, or his representatives, because of defendant's fraud in securing such insane person's land, unless it first be shown that such defendant has received title thereto. p. 254.

2. REFORMATION.—*Deeds.*—*Mistake.*—*Insane Persons.*—A deed made by an insane person, known to be such by the grantee, and which fails to describe the grantor's land, cannot be reformed in equity, and passes no title to the grantor's land.  p. 254.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Suit by Nathan DeMass, as administrator of the estate of Henry R. McDonald, deceased, against John A. Kreiger. From a decree for plaintiff, defendant appeals. *Reversed.*

*Johnston, Bartholomew & Bartholomew,* for appellant.
*H. H. Loring,* for appellee.

RABB, J.—The first paragraph of plaintiff's complaint alleges that Henry R. McDonald, the appellee's intestate, was, on June 25, 1900, of unsound mind; that he was then the owner of a certain eighty-acre tract of land in Porter county, Indiana, which was of the fair value of $3,200; that the appellant, taking advantage of the intestate's mental condition, procured said McDonald to sell and convey to him said tract of land for the sum of $1,300; that appellant had taken possession of the land under the conveyance thus obtained, and had subsequently sold the same and placed the purchaser in possession thereof; that, at the time said conveyance was so made by appellee's intestate to

appellant, appellant knew that said McDonald was of unsound mind. There were three other paragraphs to the complaint. Issues were formed by the general denial. There was a trial by the court, special findings rendered, and conclusions of law stated thereon by the court. The special findings eliminated from the case all but the first paragraph of the complaint. Appellant excepted to the conclusions of law. Judgment was rendered in favor of appellee upon the special findings for $1,300. The only question presented by the record is the sufficiency of the facts to support the conclusion of law, and the judgment following it in favor of appellee.

The findings disclose that on June 25, 1900, and for several months prior thereto, and continuously thereafter until his death, Henry R. McDonald, appellee's intestate, was of unsound mind; that at that time and prior thereto he was the owner of certain eighty acres of land in Porter county, Indiana, of the fair value of $2,600; that on said date, and for several months prior thereto, the appellant knew that McDonald was of unsound mind; and that, with this knowledge, he contracted with McDonald for the sale and conveyance to him by McDonald and wife, of said tract of land, for $1,300; that, pursuant to said contract of sale, said McDonald and wife, on June 25, 1900, attempted to convey to said appellant the aforesaid land, but by the mistake of the scrivener who wrote the deed, the land was not properly described therein, the same being located in the wrong congressional township; that appellant paid the consideration agreed upon to McDonald, entered into possession of the land, and entered said deed for record in the recorder's office of Porter county; that afterwards, without the knowledge or consent of McDonald, the scrivener, who prepared the deed so executed by McDonald to appellant, obtained possession of the same, and wrote into it a correct description of the land contracted to be sold by McDonald to appellant, as aforesaid. Upon the special find-

ings the court stated as its conclusion of law, that plaintiff was entitled to recover from the defendant $1,300.

The theory of appellee's case was that his intestate had been taken advantage of and procured to part with the title to eighty acres of land worth $2,600 for one-half its value, at a time when he was of unsound mind and incapable of transacting business. Conceding this theory to be correct, a question we do not decide, it was primarily necessary for the appellee to show that his intestate had parted with his title to the land in question. Upon this question he had the affirmative. Unless this fact appears, he has sustained no damage, and could be entitled to no recovery. The special findings not only failed to show that appellee's intestate parted with his title to the land which it is claimed appellant obtained from him, but, on the contrary, affirmatively show that he did not do so.

On account of the mistake contained in the deed it conveyed no legal title whatever to such land; and the fact that the grantor was of unsound mind, and that the grantee at the time knew it, would absolutely preclude the establishment of an equitable title under it. The grantee would have no standing in a court of equity to have the mistake in the deed corrected, even though he had paid the consideration for the land. If the appellee's intestate was of unsound mind when the deed was made, he would be incapable of forming an intention to convey; and, to make a case for the correction of the deed, the grantee would have to show that it was the intention of the parties making the deed to convey the land in question. The facts disclosed by the special findings, showing affirmatively as they do that appellee's intestate never parted with the legal or equitable title to the eighty acres of land, there could be no ground on which a money judgment could stand in favor of his estate, growing out of the transaction.

Judgment reversed, with instructions to the court below to grant a new trial.