## DUNKER ET AL. v. CALAHAN.

[No. 9,430. Filed June 21, 1916. Rehearing denied December 14, 1916. Transfer denied June 6, 1917.]

1. APPEAL. — Briefs. — Sufficiency.—Waiver of Defects.—Where the appellant's brief fails to set forth the finding of facts and the conclusions of law, or the substance thereof, no question is presented for review thereon, but where appellee in his brief sets out a brief summary of the special finding of facts and two of the conclusions of law, the infirmity in appellant's brief is to that extent cured. p. 627.

2. TRIAL. — Findings. — Sufficiency. — In an action to have set aside a warranty deed claimed to have been procured by fraud

when only a mortgage was intended, special findings that plaintiff requested defendant to see the holder of a mortgage and make arrangements to take it up, that defendant agreed to either personally furnish or procure money to pay the mortgage indebtedness under an agreement that plaintiff should execute a mortgage to him on his entire tract of land, that defendant, knowing that plaintiff was illiterate, prepared a warranty deed conveying the land to himself, and that plaintiff, believing the instrument to be a mortgage, executed the deed, which he would not have done if he had known it was a deed, the consideration being greatly inadequate, are sufficient to warrant the conclusion of law that the deed was obtained through fraud. pp. 628, 630.

3. FRAUD. — *Fraudulent Intent.—Statutes.—Applicability.*—The provision of §7483 Burns 1914, §4924 R. S. 1881, that fraud shall be deemed a question of fact applies only to actions involving the question of fraudulent intent, where the rights of the parties depend in some manner upon the statute of frauds. p. 629.

4. APPEAL. — *Review.—Findings.—Inferences.*—Where the primary facts found lead to but one conclusion, or where the facts found are of such a character and nature that they necessitate the inference of an ultimate fact, such ultimate fact will be treated as found. p. 630.

From Elkhart Superior Court; *James L. Harman,* Judge.

Action by Frank H. Calahan against George W. Dunker and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*James S. Dodge,* for appellants.

*Duff & Duff* and *Hanan, Watson & Hanan,* for appellee.

MORAN, J.—On and prior to September 10, 1908, appellee was the owner in fee simple of thirty-eight acres of real estate in Lagrange county, Indiana, and on this date he executed a warranty deed therefor to appellant George W. Dunker, which conveyance forms the basis of the litigation in this cause. This is the second time this cause has reached the Appellate Court. *Calahan v. Dunker* (1912), 51 Ind. App. 436, 99 N. E. 1021.

The complaint is in four paragraphs. The first and fourth paragraphs are on the theory of fraud; the first, that appellant George W. Dunker purposely deceived appellee, who was illiterate, as to the character of the instrument he was executing, in that appellee was led to believe that he was executing a mortgage when in truth and in fact he executed a warranty deed. It is further alleged that the relation existing between the parties was confidential, and that appellee relied upon said appellant, who deceived him, to his injury. The fourth paragraph alleges, among other things, that appellant George W. Dunker undertook to prepare a mortgage for appellee to execute, but instead thereof, prepared a warranty deed; that the relation of trust and confidence existed between the parties, and that appellee was without business experience and ignorant of the method and form employed in the conveying of real estate. The second and third paragraphs of complaint are on the theory that at the time the deed was executed there was an agreement that it should be held as security for a debt, and that although a deed on its face, it was in fact a mortgage. Each of the paragraphs of complaint, other than the fourth, disclose a tender before the bringing of the suit, in the sum of $474, the amount alleged to be due appellant as money loaned appellee, and which the conveyance secured, and further that the tender was kept good in that this amount was brought into court for the use and benefit of appellants. The first and second paragraphs of complaint ask that the amount of the lien be found by the court, and that appellee be allowed to redeem the real estate by the payment of the same; while the fourth paragraph asks that the amount alleged to be due appellants be declared a lien on the real estate, and that the title to the real estate be quieted in appellee as against appellants, subject to the lien.

The issues were closed by an answer of general denial addressed to each paragraph of complaint; and on submission of the cause, the court found the facts specially and rendered its conclusions of law thereon in favor of appellee.

It is contended by appellee that appellants' brief so far fails to comply with the rules established for the briefing of causes in this and the Supreme
1. Court that each question sought to be presented is waived. The special finding of facts and the conclusions of law are not set forth in appellants' brief. The rules covering this infirmity require that the finding of facts and the conclusions of law, or the substance thereof, be set forth in appellants' brief in order to present any question for review thereon. *Rayburn* v. *Williams* (1913), 54 Ind. App. 617, 103 N. E. 116. However, appellee in his brief sets out a brief summary of the special finding of facts and two of the conclusions of law, and to this extent, the objection raised to appellants' brief is cured. *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 86 N. E. 49; *Carnahan* v. *Freeman* (1915), 183 Ind. 271, 108 N. E. 955.

In so far as appellants seek to present under the exceptions reserved as to the overruling of the motion for a new trial the insufficiency of the evidence to support the judgment of the court, and that the judgment is contrary to law, appellants' brief discloses a good-faith effort to comply with the rules. The questions thus presented by the briefs will be considered on their merits.

There is no insistence on the part of appellee that the conclusions of law announced by the court upon the facts found support in any manner the issue joined upon the second and third paragraphs of complaint, viz., that there was an agreement between the parties that the deed of conveyance taken by appellant George

W. Dunker to the real estate described therein was to operate as a mortgage securing an indebtedness owing from appellee to said appellant. Therefore the facts found by the court in support of the issue of fraud joined on the first and fourth paragraphs of complaint are material in order to ascertain whether the conclusions of law stated by the court are warranted.

Appellants' chief reliance for reversal is that fraud is not sufficiently found by the court to warrant a recovery on such issue; that the findings of the court are evidentiary and not ultimate facts.

2.

The findings that have to do with the relation the parties bore to each other at and before the execution of the deed in controversy disclose that appellee was, at the date of the execution of such deed and for some time prior thereto, working for appellants, and that he was being pressed for the payment of an indebtedness secured by a mortgage on a twenty-two-acre tract of his real estate; that a foreclosure proceeding was threatened, and appellant George W. Dunker knew this fact, and thereupon promised appellee he would loan him a sufficient amount of money to discharge the mortgage lien on the twenty-two-acre tract, and appellee agreed to execute as security therefor a mortgage on his entire tract of real estate, consisting of thirty-eight acres, and, at the request of appellee, appellant George W. Dunker made an examination of the real estate and the title to the same and learned from the holder of the mortgage that the payment of $350 would discharge the same in full. On September 10, 1908, appellant George W. Dunker caused a warranty deed to be prepared by a scrivener to him from appellee, which appellee signed and acknowledged; that appellee could not read or write, except to write his own name, which fact appellant George W. Dunker well knew, and also well knew that appellant was wholly unskilled as to

the language employed in the drafting of deeds and mortgages. Appellee when he executed the instrument in writing under consideration had no intention of conveying his real estate to appellant George W. Dunker, and said appellant knew that appellee did not intend to convey him the real estate and only intended to execute to him a mortgage, and although appellant George W. Dunker well knew that he was receiving a warranty deed from appellee as to all his real estate, he did not so inform appellee. The mortgage indebtedness, together with all other obligations discharged by appellant George W. Dunker for appellee, at the date of the conveyance, was $474; while the value of the real estate included in the deed was $1,900.

Appellants' objection to the facts as they were found by the trial court is not without some merit; many of them are not statements of ultimate facts. The facts in reference to the conduct of appellant George W. Dunker in procuring the conveyance of the real estate to himself are, however, more than bare evidentiary facts; they are in their nature primary facts. In this class of cases the existence of fraud need not be found and stated in a special finding as a substantive 3. ultimate fact, as §21 of our Statute of Frauds (§7483 Burns 1914, §4924 R. S. 1881), providing that fraud shall be deemed a question of fact, has reference only to actions involving the question of fraudulent intent where the rights of the parties depend in some manner upon some provision of the act of which the section mentioned forms a part. *Gorham v. Gorham* (1913), 54 Ind. App. 408, 103 N. E. 16; *Leader Pub. Co. v. Grant Trust, etc., Co.* (1914), 182 Ind. 651, 108 N. E. 121; *Alsmeier v. Adams* (1916), 62 Ind. App. 219, 105 N. E. 1033, 109 N. E. 58.

In *Cotterell v. Koon* (1898), 151 Ind. 182, 51 N. E. 235, it was said: "Where, in a pleading or special find-

ing, fraud must be made to appear, except there be some statute or special rule to the contrary, the facts constituting the fraud must be stated, and mere epithets are not required, nor are they available." In *McAdams* v. *Bailey* (1907); 169 Ind. 518, 82 N. E. 1057, 13 L. R. A. (N. S.) 1003, 124 Am. St. 240, it was held that there could be nothing added to a special finding of facts in reference to fraud, unless it resulted as a necessary conclusion from the facts found. This principle permits of the drawing of conclusions as to the existence of the fraud if the conclusions necessary follow from the facts thus found. By numerous decisions of this and 4. the Supreme Court it has been held that where the primary facts found lead to but one conclusion, or where the facts found are of such a character and nature that they necessitate the inference of the ultimate fact, such ultimate fact will be treated as found. *Judah* v. *F. H. Cheyne Electric Co.* (1913), 53 Ind. App. 476, 101 N. E. 1039; *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 80 N. E. 629, 14 L. R. A. (N. S.) 483; *National Surety Co.* v. *State* (1913), 181 Ind. 54, 103 N. E. 105. In *Mount* v. *Board, etc., supra,* Gillett, J., speaking for the court, said: "It is, however, to be recollected that where the primary facts lead to but one conclusion, there is no occasion for a statement of the ultimate fact."

In the case at bar, as is disclosed by the facts found, appellee requested appellant George W. Dunker to see the holder of the mortgage and make the necessary 2. sary arrangements with the holder to take up the same; and said appellant took it upon himself to either personally furnish the money to pay the mortgage indebtedness, or to procure the money elsewhere under an agreement with appellee that he should execute a mortgage on his entire tract of thirty-eight acres to secure the same. Instead of carrying out this re-

quest, said appellant caused a deed to be prepared, which appellee signed, and by the terms thereof conveyed all of appellee's real estate to said appellant. This appellant knew appellee did not intend to do, and knew at the same time that appellee was illiterate, and knew that appellee had no knowledge of the language employed in the drafting of deeds and mortgages, and that he would not have executed the deed if he had known that it was a deed. That the consideration he paid was greatly inadequate. These facts, some of which are in their nature primary, when taken in connection with the ultimate facts, lead to but one conclusion, and that is that appellee was deceived by the conduct of appellant to his injury.

The fact that appellee intrusted appellant George W. Dunker to the extent that he did to procure him a loan, together with the knowledge appellant had of appellee's illiterate condition, amounted to a deception on the part of appellant in permitting appellee to execute a deed of conveyance under the circumstances. In regard to the taking of a conveyance from an illiterate and ignorant person without knowledge of the value of the property or of his rights, it was said in the case of *Hyer* v. *Little* (1870), 20 N. J. Eq. 443, 449: "In this situation, in dealing with this complaint, he was bound to observe strict good faith, not to deceive him by any act or representation of his own, or to allow him to deceive himself by any mistake as to facts, when he knew he was acting under such mistake, and had it in his power to undeceive him."

The facts found by the court warranted the conclusions of law announced thereon, that appellee was entitled to redeem from the lien of the mortgage on the payment of the amount found due at the date of the trial in the sum of $553.22, and entitled to have his title quieted to his real estate as against appellants, and upon their

**632    APPELLATE COURT OF INDIANA,**

failure to convey to him on the payment of their lien, a commissioner appointed by the court was authorized to do so.

The evidence amply supports the findings of the court on each material point, and the record presents no reason for which it may be claimed that the decision of the court is contrary to law. Therefore, there was no error in overruling appellants' motion for a new trial.

A correct result was reached in this cause. Judgment affirmed.

NOTE.—Reported in 113 N. E. 15. Fraud: whether a question of law or fact, 1 Ann. Cas. 446. Deeds of illiterate persons, validity, 13 Cyc 578.