L. A. ANDREW, Appellee, v. CITIZENS STATE BANK OF EAGLE GROVE, Appellee; W. H. SPANGLER et al., Appellants.

**BANKS AND BANKING:** Insolvency—Preference—Government Bonds. Bonds which belong to private parties and which come into the hands of the receiver of an insolvent bank must be returned to the respective owners when neither the bank nor the receiver has any interest in said bonds except that of a bailee.

Headnote 1:   7 C. J. pp. 750, 751.

*Appeal from Wright District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 15, 1927.

Claimants asked for an order of court in the receivership proceedings of the Citizens State Bank of Eagle Grove, insol-

vent, for the return to them of their United States Liberty bonds which had been borrowed and agreed to be returned by the bank, or to establish a preference in favor of each of the owners of said bonds, as against the proceeds of the sale by the receiver. The trial court denied the preference, and established the claim of each owner as that of a general creditor. Claimants appeal. —*Reversed.*

*Sylvester Flynn,* for appellants.

*John Fletcher,* Attorney-general, and *Birdsall, McGrath & Archerd,* for appellee.

DE GRAFF, J.—The nine claims involved herein were consolidated in this action and tried under similar proofs. The claimants had purchased, for cash, through the Citizens State Bank of Eagle Grove, United States Liberty bonds, and during the years 1917 and 1918 had deposited their respective bonds, aggregating $9,500, with said bank, and received the following receipt:

> "Eagle Grove, Iowa
> " . . . . . . . . . . . . . . , 19 . . . . .

"Received of . . . . . . . . . . . . . . . . . . . . . . . . .Dollars. In full payment $ . . . . . . . U. S. Liberty bond. Permission is hereby given bank to hold bond and use same as collateral security for money borrowed. Bank agrees to deliver bond on 10 days notice.

> "Citizens State Bank,
> " . . . . . . . . . . . . . . . . . . .Cash."

On December 2, 1925, the doors of the Citizens State Bank were closed, and L. A. Andrew, superintendent of banking, was appointed and qualified as its receiver. The bank, therefore, was unable to return the bonds of the respective claimants, upon demand, and the instant claims were filed for the return of said bonds; and, in the event that the receiver could not return the same, claimants asked that their respective claims be allowed as preferred.

The bank had no interest or title in these bonds, nor did it claim any interest. The fact stands that the bank, by using said bonds as collateral, was able to borrow money more readily, and

at a lower rate of interest. It had borrowed the bonds for that purpose. Every bond involved in this case passed into the possession of the receiver, and was in his possession or under his control. When the bank closed, on December 2, 1925, $7,000 of these bonds were held by the Northern Trust Company of Chicago, as collateral security for a loan made by said company to the Citizens State Bank. The balance was in the vaults of said bank at Eagle Grove.

The record discloses, and the examiner in charge of said bank testified that he knew of, no reason "why these Liberty bonds, that were put up as security with the Northern Trust Company to be used as collateral by the Citizens State Bank, should not be returned as soon as the notes they were given as security for are paid." The amount that was still due on the note secured by these bonds and by other collateral was $9,976.97. The cashier of bank testified:

"When we borrowed these bonds, we expected to return them to the owners. Most of them have been returned. These are the ones that were left from the number we had received. The bonds were returned as fast as they had been called for."

On May 4, 1926, the unpaid balance upon the indebtedness of the bank to the Northern Trust Company was about $183.81, and the Northern Trust Company then held, as collateral, $22,500 in notes and $7,000 in United States Liberty bonds. The examiner testified:

"Upon the payment of that balance, the notes and bonds will be returned to the Citizens State Bank, or to me, as examiner of it, and that the only purpose of placing these papers there was to secure the loan the Northern Trust Company had made to the Citizens State Bank."

It is stated, and not disputed, that the Northern Trust Company has been paid in full, and that the collateral, including said bonds, has been returned to the bank or its receiver.

When the bank closed its doors, and was taken in charge by the receiver, there was cash in the vaults of $8,010.76, and $42,818.45 to its credit in solvent correspondent banks.

The controlling evidential facts in this case are not in dispute. There is no claim on the part of the bank or the receiver, or any thought on the part of the owners of the bonds in ques-

tion, that the owners intended to surrender title to these bonds. The interest on these bonds was collected, and passed to the credit of the owner, up to and including the installment to November 15, 1925. The purpose of the receipt given is plain. The bonds are sufficiently identified. The owners were entitled to their return upon a ten days' notice. All these bonds were in the bank except those in the hands of the Northern Trust Company, which were subsequently returned. Clearly, there was a trust relation. The transaction constituted a bailment, and every bailment is a trust. *Thompson v. Thompson*, 178 Iowa 1289. No express words are necessary, to create a trust, and no technical language is necessary. The appointment of a receiver did not change the relation between the bank and these claimants. *Leach v. Plymouth County Sav. Bank*, 201 Iowa 349.

It would be unjust to swell the assets of the bank by property to which it had acquired but a qualified or conditional title. General creditors have no right to subject trust funds, to which the receiver acquired no title, to the payment of the debts owed by the insolvent bank. *City of New Hampton v. Leach*, 201 Iowa 316. The instant claimants had the right to demand the return of these bonds, and, in the event the receiver has sold same, to receive the proceeds. It was sufficient on the part of the claimants to show that these bonds came into the possession or control of the receiver, and it is clear from the record that these bonds were in his possession and under his control. By the return thereof, or of the proceeds, it may not be said that the rights of the creditors were impaired. See *Murray v. North Liberty Sav. Bank*, 196 Iowa 729.

These claimants are not liable for the bank's debts, nor may their property, under the circumstances of this case, be used by the bank in its process of liquidation. No principle of equity or common fairness will permit the receiver to deprive these claimants, as bondholders, of their property. The claims must be viewed as preferred. It is so ordered, and the ruling of the trial court is—*Reversed.*

EVANS, C. J., and ALBERT and MORLING, JJ., concur.