CROWDER, RECEIVER, *v.* STORY.

[No. 13,747.  Filed January 10, 1930.]

*Charles H. Bedwell*, for appellant.
*Martin L. Pigg*, for appellee.

NICHOLS, J.—Appeal from a judgment rendered upon a claim that was filed in the receivership of the Citizens Trust Company of Sullivan, Indiana.  A judgment was

rendered by the trial court allowing the claim and determining that such claim was preferred over the claims of general creditors.

It appears by the specific findings of fact that, prior to March 1, 1928, the Citizens Trust Company of Sullivan, Indiana, was engaged in the general banking business in such city under the laws of the state which provide for the incorporation of loan and trust companies; that, on said date, appellant was appointed receiver of said trust company by the Sullivan Circuit Court, and since such time has been, and now is, duly qualified as such.

For more than 10 years prior to such appointment, James M. Lang had been either president or secretary and treasurer of said trust company, and, as such president or secretary and treasurer, performed all the business in connection therewith in the way of receiving deposits, paying out money, issuing certificates of deposit and had general charge of all business connected with said trust company, and devoted his entire time to the operation, management and business thereof.

On April 25, 1921, appellee deposited in such trust company $6,500, and instructed Lang, as officer of said bank, to purchase gravel-road bonds for him. Thereafter, on April 27, 1921, Lang purchased for appellee gravel-road bonds that cost $3,097, and on May 12, 1921, the said James M. Lang purchased for appellee gravel-road bonds that cost $2,344.51. Such bonds so purchased were left at the trust company for safe-keeping. Nothing was paid for the safe-keeping thereof, and, as interest coupons thereon became due, the same were cashed by and for appellee by the officer of the trust company, and the money so received therefor was paid in cash to the trust company and entered to the credit of appellee in his account with the trust company. Said gravel-road bonds remained in custody of the trust company for appellee until November of 1926, when the

same matured; thereupon, Lang, as president of such trust company, caused such bonds to be redeemed by the issuer thereof and received therefor $5,564.50, and no entry was made therefor in the books of the company to the credit of appellee.

On June 23, 1927, appellee appeared at the office of the trust company with his pass book, and Lang, as president thereof, made the following entry in such pass book: "The amount above deposited with the Citizens Trust Company to be delivered to him in bonds, $5,564.55, June 23/27. James M. Lang, President."

On October 27, 1927, appellee conferred with Lang as president of such trust company, at its banking office, concerning the purchase of bonds for him with the funds so derived from the bonds which had so matured and been cashed, and Lang showed him four gravel-road bonds and offered to sell, and did sell, the same to him for $5,319.95, and appellee then and there purchased the same and became the owner thereof. Thereupon, said gravel-road bonds were delivered by Lang to appellee. At the same time, Lang, acting as such president, entered in the pass book of appellee an entry showing that, on such date, he had on deposit with such trust company $437.32. Appellee made no deposit with such trust company on such date other than that which was already in its custody; when such bonds were delivered to appellee, he signed no check upon his account with said trust company in payment therefor. After such bonds were delivered to appellee, at the request of Lang, he left said bonds at said trust company for safe-keeping, and no charge was made or paid for the keeping thereof.

After appellee had left said four bonds with the said trust company for safe-keeping, it, through its president, Lang, sold and converted them, and the money received therefrom went into the funds of the trust company and was mingled with other funds thereof. Thereafter, and

during the month of February, 1928, a receiver was appointed for said trust company.

The cash balance of said trust company was at no time less than between $5,000 and $6,000 from the time the bonds of appellee were sold by it through its officers to the close of its business on February 21, 1928. On May 26, 1928, appellee demanded in writing of appellant, as receiver, that he deliver said bonds so left by appellee with said trust company for safe-keeping on October 27, 1927; but such receiver did not and has not delivered them to appellee, and the same have never been delivered to him by such receiver or any one else, nor has he received the equivalent in money or other property therefor.

On these findings, the court stated its conclusions of law that appellee is entitled to recover from appellant $5,310, together with interest on the same from September 15, 1927, at four and one-half per cent per annum, until March 1, 1928—in all, $5,379.79; that the amount of recovery is prior and paramount to all general claims against said receiver. Appellant excepted to each of the conclusions of law, and presents error by reason thereof, and to the court's action in overruling his motion for a new trial.

It appears by the findings of fact as well as by the evidence that Lang had for 10 years last past been either president or secretary-treasurer of the Citizens Trust Company, and that, as such officer, he performed all business in connection with such company, including transactions such as here. It is well settled that the acts of the president of a bank in his official capacity, as such officer, with an individual dealing with him as such officer, bind the bank. *First Nat. Bank* v. *New* (1896), 146 Ind. 411, 45 N. E. 597.

The bonds, which, as appears by the findings, were converted by the trust company, were left with the trust

company for safe-keeping by it. Nothing was charged for keeping them, and it does not appear that the trust company paid anything for their use, or that it had any authority in any way to dispose of them. It simply held them for safe-keeping, which necessarily implied their return to appellee, and it was unnecessary so to stipulate. *Walton* v. *Tepel* (1913), 210 Fed. 161, 127 C. C. A. 11; *Stiles* v. *Seaton* (1901), 200 Pa. St. 114, 49 Atl. 774. Under such circumstances, the relation between appellee and the trust company was that of bailor and bailee. *Tyler County State Bank* v. *Shivers* (1926), 281 S. W. (Tex. Civ. App.) 264. And, when such bonds were converted and sold, the bailor was entitled to recover the value of the bonds from the receiver of the bank when the proceeds of such sale or the funds into which such funds had been commingled had passed into the hands of the receiver, and there remained at all times, as here, on deposit with the trust company, and later with the receiver, funds sufficient to pay such value. *In re Insolvency Farmers & Merchants Savings Bank* (1926), 202 Iowa 859, 211 N. W. 532, 51 A. L. R. 910; *Andrew* v. *Citizens State Bank* (1927), 203 Iowa 345, 212 N. W. 745, 51 A. L. R. 906; *Leach* v. *Sandborn State Bank* (1927), 203 Iowa 401, 212 N. W. 694, 51 A. L. R. 900; *Portland Bldg. Co.* v. *State Bank of Portland* (1924), 110 Ore. 61, 222 Pac. 740; *Brennan* v. *Tillinghast* (1913), 201 Fed. 609, 613; *Ormsby* v. *Finney* (1922), 281 Fed. 840.

As it seems to us, appellant is unfortunate in citing as an authority in his behalf, *Windstanley* v. *Second Nat. Bank, etc.* (1895), 13 Ind. App. 544, 41 N. E. 956. In that case, the funds involved were trust funds and the court stated that "In the case in hearing, if the moneys collected were deposited in the bank and commingled with other moneys, the appellee would be entitled to have a preferred charge against the funds remaining in

the bank, if any; and if the moneys went into the property now represented by the assets in the hands of the assignee, the appellee would be entitled to a preference over the other general creditors," and that is exactly what happened in the instant case.

Affirmed.