CROWDER, RECEIVER, *v.* SANDUSKY.

[No. 13,745.   Filed March 19, 1930.]

*Charles H. Bedwell,* for appellant.
*Lee F. Bays* and *Charles D. Hunt,* for appellee.

LOCKYEAR, J.—This is an appeal from a judgment rendered upon a claim filed by appellee, E. Murray Sandusky, in the receivership of the Citizens Trust Company of Sullivan, Indiana. Upon the request of appellant herein, the court made a special finding of facts and stated conclusions of law thereon.

The essential facts found by the court were: That for more than 10 years prior to the appointment of a receiver herein, one James M. Lang had been either president or secretary of said Citizens Trust Company; that, on May 8, 1925, the claimant, E. Murray Sandusky, and his wife, Kathryn Sandusky, went to the office and place of business of said trust company and conferred with said James M. Lang concerning the investment in some good securities, of $3,000, which he (the said Sandusky) had to invest, and that said claimant was informed by said Lang that said trust company had some good farm loans in the form of notes and mortgages, and the said Lang then and there exhibited said notes and mortgages to said claimant; the said James M. Lang then and there recommended the investment of said $3,000 in said notes and mortgages so exhibited, .and the

said claimant then and there decided to invest said $3,000 in a certain note and mortgage so exhibited to said E. Murray Sandusky and his wife, Kathryn Sandusky; that, thereupon, the said James M. Lang delivered to the said E. Murray Sandusky the note and mortgage, and the said Sandusky then and there accepted said note and mortgage and passed the same to his wife for inspection; that she, thereupon, examined the same for the claimant and informed claimant, in the presence of said Lang, that it appeared all right; that, as a result of such negotiations, the claimant herein then and there paid to said trust company the sum of $3,000, and received from said Lang, who was then secretary and treasurer of said trust company, a written, printed and typewritten instrument, showing that they had deposited $3,000 with the Citizens Trust Company, and the certificate contained these words: "This certificate is issued in lieu of a certain mortgage given by Olivia Burkholder for the sum of $3,000 found recorded in Recorder's office of Sullivan County, Indiana in mortgage record 82, page 88, bearing interest at the rate of 6% per annum, payable semi-annually on the 15th day of June and the 15th of December, each year. This certificate is to draw the same rate of interest and payable on the same terms as the mortgage hereby assigned. J. M. Lang, President"; that the note and mortgage so exhibited by the said Lang to said claimant was a note for $3,000 and a mortgage securing the note, both of which instruments had been executed by Olivia Burkholder and Irenus W. Burkholder, citizens of said Sullivan County; after said note and mortgage had been exhibited to said claimant and his wife, and after the said $3,000 had been paid by said claimant to the said Lang, as consideration for said $3,000 note and mortgage, the said Lang then and there agreed to keep the said note and mortgage at said trust company for the said

E. Murray Sandusky, so that he, the said Lang, could credit the interest on said note when the same was paid by the said Burkholder; that, in pursuance to said arrangement, said note and mortgage were delivered over to the said James M. Lang, as president of the trust company, and left with him for the purpose of having the interest credited thereon as the same was paid; that the said E. Murray Sandusky was blind, and had been blind for more than 20 years prior to March 1, 1928, which fact was well known to said James M. Lang; that on July 26, 1926, the claimant and his wife went to the office of the said Citizens Trust Company and again conferred with James M. Lang concerning the investment of $2,500 in some form of securities; that, as a result of such negotiations, said claimant agreed to purchase from said trust company, acting by and through the said James M. Lang, a certain note and mortgage for $2,500, which said note and mortgage were duly signed by Albert Lewellyn, and the said claimant then and there paid to said trust company the sum of $2,500, and then and there received a written, printed and typewritten instrument which stated this certificate of deposit was issued in lieu of a certain mortgage given by Albert Lewellyn; that on March 30, 1927, the claimant again turned over to the said James M. Lang the sum of $1,200, upon which a similar statement was issued, which stated this certificate of deposit was issued in lieu of a certain mortgage given by E. S. Quick for $3,500 with a payment amounting to $2,300, leaving a balance of $1,200 due on said mortgage, for which certificate of deposit was issued; that likewise, on June 7, 1927, appellee delivered to said Lang $1,300 for an interest in a certain note and mortgage given by Frank M. Douthitt and Anna Douthitt to the Citizens Trust Company for $3,160 with a credit of $160, leaving a balance due on said mortgage of $3,000; a statement was also made and delivered to the

appellee that this certificate of deposit was issued in lieu of a certain interest to the amount of $1,300 in a mortgage given by Frank M. Douthitt and Anna Douthitt to the Citizens Trust Company, upon which there was a balance due of $1,300; that, after receiving each of the instruments heretofore set forth in these findings, at the end of each six months after the execution of said instruments, the claimant went to the said trust company and received interest at the rate of six per cent per annum upon the principal amount designated in such instruments, and an indorsement of the payment of such amount was entered thereon by the said James M. Lang, or some employee of said trust company; that the delivery of all the said papers and securities to the said E. Murray Sandusky was with the intention of passing title from said trust company to the appellee; that, prior to the time of the appointment of a receiver for said Citizens Trust Company, and after the said E. Murray Sandusky, claimant herein, became the holder of said Burkholder note, the said Burkholder paid in full to the Citizens Trust Company the note and mortgage they had heretofore executed to the said trust company; that Albert Lewellyn had also done likewise, and also the said E. S. Quick had made full payment to said Citizens Trust Company on said notes so executed by him, and that, at the time of the appointment of a receiver on March 1, 1928, the Citizens Trust Company claimed as a part of the assets of said trust company the money so paid by said mortgagors as aforesaid, and also the money of this claimant, E. Murray Sandusky, paid for said notes and mortgages so purchased by him from said trust company as aforesaid, and that the said Douthitt note and mortgage had not been paid and is now claimed by the said Citizens Trust Company as a part of its assets; that at no time did the said James M. Lang exhibit said notes and mortgages to the directors of said

Citizens Trust Company, and none of said directors had actual knowledge of the transaction between the said James M. Lang as president of said trust company and the said claimant; that, on the various occasions when the claimant and his wife went to the Citizens Trust Company and made payments of money and received the instruments heretofore set forth, it was agreed between claimant and James M. Lang, as president of such trust company, that at any time claimant desired he might bring such instruments to the trust company and obtain the principal sum mentioned therein.

The court further found that the said James M. Lang, as president of the Citizens Trust Company, was acting reasonably within his power and authority as such officer of said trust company to do and perform with the said E. Murray Sandusky the things done and performed as above set out in the said four transactions in reference to the purchase and delivery of the notes and mortgages herein designated; that, prior to the transaction between said E. Murray Sandusky and the said James M. Lang as president of the Citizens Trust Company, in reference to the E. S. Quick note and mortgage, as hereinbefore set out, the said Citizens Trust Company, by and through its president, had assigned an interest of $1,000 in said Quick note and mortgage to one W. E. Barco, leaving an unpaid balance on said note of only $200 on March 30, 1927; that in each of the four transactions between said claimant and the said Lang, as president of said Citizens Trust Company, as referred to in these special findings in reference to said notes and mortgages, it was the intention of said Lang, as such president, to sell and transfer title to each of said notes and mortgages to the said claimant, and it was the intention of the claimant to purchase each of said notes and mortgages to the extent of the consideration paid therefor; that on March 30, 1927, when the said E. Murray Sandusky,

claimant herein, went to the office of said Citizens Trust Company for the purpose of purchasing additional securities as an investment, and when on said day he gave to said Citizens Trust Company a check for $1,200, in payment of an interest in a certain note and mortgage held by said trust company, which said note and mortgage were executed by E. S. Quick to the Citizens Trust Company, it was represented to said claimant by the said Lang that there was $1,200 due and unpaid on said note and mortgage, and the said claimant, in making payment of the said $1,200 to the said Lang, paid said money for the definite and specified purpose of having the same applied as payment for said interest in said note and mortgage, as the said Lang well knew, and had no notice or knowledge that there was only $200 due from said Quick to said trust company on said note, and said claimant had no notice or knowledge that any part of said note and mortgage had been assigned or sold to W. E. Barco.

Upon the finding of facts, the court stated its conclusions of law as follows:

(1)   That the claimant should recover from the defendant Ben. C. Crowder, as receiver of the Citizens Trust Company of Sullivan, Indiana, the sum of $3,000 by reason of the Burkholder transaction, and the further sum of $2,500 on the Lewellyn transaction, and the further sum of $1,200 on the E. S. Quick transaction.

(2)   That the amount due on the Burkholder transaction is a prior and paramount claim to general creditors against said receivership, and the amount due on the Lewellyn transaction is prior and paramount to general creditors against said receivership; that the amount due on said E. S. Quick transaction is a prior and paramount claim to general creditors in said receivership.

(3)   That the claimant is the owner of the note and mortgage referred to in said findings as being executed

by Frank Douthitt and Anna Douthitt to the extent of $1,300, and is entitled to the proceeds derived from the collection of said note to said amount.

Appellant assigns as error that the court erred in each of its conclusions of law, and in overruling appellant's motion for a new trial, which motion is on the grounds that the finding of the court is not sustained by sufficient evidence and is contrary to law.

Appellee testified at length concerning the transaction in question; it was agreed and understood in each transaction that the title and ownership of the securities should pass to the appellee. There was a manual delivery of them, and then they were left with the Citizens Trust Company for safe keeping.

We are of the opinion that the court correctly stated conclusions of law Nos. 1 and 3. In so far as the second conclusion of law is concerned, no facts are found that there remained on deposit, after the conversion of the several amounts with the trust company and later with the receiver, funds sufficient to pay these claims and the claims of others similarly situated, in whole or in part. This conclusion, technically speaking, may be correct without such facts being found, but, in order that there may be no misunderstanding as to the effect of such conclusion and the judgment based thereon, we are of the opinion that the court should have added thereto a conclusion to the effect that the amounts to be paid by the receiver on said preferred claims are not now capable of ascertainment and should be reserved for the consideration and determination of the court in the matter of the receivership when the rights of all claimants to the fund in the possession of the receiver can be finally adjudicated and determined. See *Crowder, Rec.,* v. *Story* (1930), 90 Ind. App. 598, 169 N. E. 470; *Stultz, Rec.,* v. *Gordon, Admr.* (1929), 89 Ind. App. 611, 167 N. E. 564. That part of the judgment based on the

second conclusion of law is reversed, with directions to restate such conclusion in harmony with this opinion. That part of the judgment based on the first and third conclusions of law is affirmed.