MOCK v. STULTZ ET AL.

[No. 13,966.   Filed January 28, 1932.   Rehearing denied April 8, 1932.   Transfer denied June 7, 1933.]

*George Mock,* for appellant.

*Simmons & Simmons,* for appellee.

NEAL, J.—The appellant filed his claim with the receiver of the Wells County Bank, which claim was subsequently transferred to the trial docket of the Wells Circuit Court. Upon trial, the court made a special finding of facts, stated its conclusions of law thereon and rendered judgment accordingly. The judgment was

to the effect that there is due and owing to George Mock, guardian of Martha A. Yarger, the sum of $249.61 and that the same is allowed as a common claim in the receivership.

The errors relied upon for reversal challenge each of the conclusions of law, two in number, and the overruling of the motion for a new trial. The causes under the motion for the new trial are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision is contrary to law; and (3) the assessment of the amount of recovery is erroneous, being too small.

The special finding of facts present salient facts as follows: That the Wells County Bank at Bluffton, Indiana, was, pursuant to its charter, engaged in the banking business until the expiration of its charter on June 26, 1928; that thereafter a new corporation was organized under the laws of the State of Indiana, such corporation being known as Wells County Bank, and being a bank of deposit, with its place of business at Bluffton, Indiana; that the new corporation took over the assets of the first Wells County Bank; that the Wells County Bank continued from the time of incorporation and organization to conduct and operate a general banking business, until 3 o'clock p. m. on February 11, 1929, and never again thereafter was the last named bank open for the transaction of banking business; that thereafter appellee was appointed receiver of the named bank by the consideration of the Wells Circuit Court on complaint filed by the State of Indiana on the relation of Luther F. Symons, bank commissioner of the State of Indiana and duly qualified as such receiver and took full charge of the assets of the institution; that on September 12, 1904, in cause No. 8,120 of the Wells Circuit Court, one Martha A. Yarger was found to be a person of unsound mind and incapable of managing her estate and that there should be a guardian appointed for her

and judgment was entered accordingly; that thereafter, on July 18, 1905, one George Mock, upon petition filed, was duly appointed guardian of the estate of the named Martha A. Yarger and duly qualified as such guardian and since the last mentioned date, continuously and up to the present time has been the duly qualified and acting guardian of Martha A. Yarger; that on October 26, 1928, there was issued in the name of Martha A. Yarger, by the Wells County Bank, two certificates of deposit, each of the following tenor, except the amounts not being the same; the first in the sum of $230.49, and the second in the sum of $14.17: "Capital $100,000, State of Indiana. Surplus $75,000. Certificate of Deposit. The Wells County Bank. No. 253103. Incorporated 1888. 71-351. $230.49. Bluffton, Indiana. Oct. 26, 1928. Mrs. Martha Yarger has deposited in this bank, Wells Co. Bank, $230 and 49 cents. Dollars in current funds, payable to the order of self, on the return of this certificate properly endorsed, duplicate unpaid. Interest at 4 per cent per annum if left six months or one year and payable for six months or one year only. After Sept. 20-28. Not subject to check. Safety Deposit Boxes $2.00 a year. R. S. Morrow Vice-President, Cashier;" that the named R. S. Morrow was, on October 26, 1928, and continuously thereafter up to and including February 11, 1929, the vice-president of the Wells County Bank; that Morrow knew and was personally acquainted with Martha Yarger, Martha A. Yarger and Mrs. Martha A. Yarger as one and the same person and also knew at the time he issued the certificate of deposit that she was a person of unsound mind and that on October 29, 1928, and for several years prior thereto, Morrow knew that the George Mock, heretofore mentioned, was the duly appointed and qualified and acting guardian of Martha A. Yarger; that George Mock did not know that the certificates of deposit had been issued

in the name of Martha A. Yarger; nor did he know that she had any funds or money deposited in Wells County Bank until the closing of the bank a short time prior to April 25, 1929, when her son, Jacob Yarger, found the certificates in the possession of Martha Yarger; that on December 15, 1927, there was issued to George Mock, guardian of Martha A. Yarger, a certificate of deposit for $5.

The conclusion of law No. 1 is as follows: "That there is due and owing to George Mock, guardian of Martha A. Yarger, the sum of $249.61 as shown by said certificate of deposit. . . and that the same is hereby allowed as a common claim and that Morris E. Stultz as receiver of Wells County Bank is hereby ordered to pay the same as a common claim in the receivership of Wells County Bank." Conclusion of law No. 2 was that plaintiff recover the costs laid out and expended by him.

Appellee states the well known rule of law that where a special finding is silent upon a material fact to be found, it is taken as a finding against the party having the burden of proving such fact. Appellee applies the rule above stated to the finding in question and contends that it was necessary for the court to find that Martha A. Yarger delivered to the bank the sum of money evidenced by the certificates of deposit and that its failure to find such a fact is fatal to a recovery by appellant. But we also have cognizance of another rule of law applicable to a special finding of facts which is to the effect that where the primary facts found lead to but one conclusion or where the facts found are of such a character and nature that they necessitate the inference of the ultimate fact found, such ultimate fact will be treated as found. *Dunker* v. *Calahan* (1916), 64 Ind. App. 624, 113 N. E. 15. Although there is no positive declaration in the special finding that Martha A. Yarger delivered the several

sums of money evidenced by the certificates of deposit to Morrow, the vice-president and cashier of the bank, nevertheless, the special finding discloses that the certificates of deposit recited that "Mrs. Martha Yarger had deposited in this Bank Wells Co. Bank $230 and 49 cents Dollars in current funds, payable to the order of self, on the return of this certificate properly endorsed. . . . . R. S. Morrow, V. President Cashier;" that Morrow was personally acquainted with Martha Yarger; that he knew she was a person of unsound mind and that George Mock was her legally appointed guardian and further the court found that the certificates of deposit were found in the possession of Martha Yarger, the primary facts found lead to but one conclusion and to the ultimate facts,—that Martha Yarger delivered to the bank the money as evidenced by the certificates of deposit. See *Gregg et al.* v. *Union County National Bank* (1882), 87 Ind. 238; *Long, Exr.* v. *Straus et al.* (1886), 107 Ind. 94, 6 N. E. 123, 7 N. E. 763, 57 Am. Rep. 87; *First National Bank* v. *Stapf* (1905), 165 Ind. 162, 74 N. E. 987, 112 Am. St. Rep. 214, 6 Ann. Cas. 631. See also 3 R. C. L., p. 868, §51.

The relation of debtor and creditor which usually arises between the depositor and the bank when money is delivered to the bank and a certificate of deposit is issued, can not obtain in the instant case. Martha Yarger had been judicially declared insane and a guardian had been appointed for her by the Wells Circuit Court. Consequently no contractual relationship between Martha Yarger and the bank could have been created when the bank accepted the money and issued the certificate of deposit. *Spaulding* v. *Harvey* (1891), 129 Ind. 106, 28 N. E. 323, 13 L. R. A. 619, 28 Am. St. Rep. 176; *Kreiger* v. *DeMass, Admr.* (1908), 41 Ind. App. 252, 83 N. E. 734; *McCarthy* v. *Bowling Green Storage & Van Co.* (1918), 182 App.

Div. 18, 169 N. Y. S. 463. When Morrow, as vice-president, acting for and on behalf of the bank, accepted the money from Mrs. Yarger, the bank became a trustee and held the money in trust, and should have turned the same over to her legally appointed guardian, of whom the bank had actual and constructive knowledge. See *Julia Riley, Admr.* v. *Albany Savings Bank* (1885), (N. Y.), 36 Hun. 513; *Estate of Stanley* v. *Penc* (1903), 160 Ind. 636, 66 N. E. 51, 67 N. E. 441; *Central Nat. Bank of Baltimore* v. *Connecticut Mutual Life Insurance Company* (1881), 104 U. S. 54, 26 L. Ed. 693.

It does not necessarily follow because the relation of debtor and creditor was not created and the bank held the money in trust for the person lawfully entitled to receive the same, the guardian, that the guardian is entitled to a preferred claim in the receivership. It is to be observed that the finding is wholly silent as to whether the money delivered to the bank by Martha A. Yarger, ever came into the hands of the receiver. It may have been wholly dissipated. Before appellant was entitled to a preferred claim it was incumbent upon him.to show that the funds of the bank were augmented and such funds remained in the bank at all times and passed to the receiver, or that the money went into property now represented by the assets in the possession of the receiver. This appellant has failed to do. *Crowder, Rec.,* v. *Abbott* (1931), 203 Ind. 59, 178 N. E. 860, and authorities therein cited; *Crowder, Rec.* v. *Story* (1930), 90 Ind. App. 611, 169 N. E. 470.

No error is available to appellant under the several causes for a new trial.

Judgement affirmed.